FRANKLIN, January, 1833.

Type Foundry *vs.* Spooner.

---

BRAINARD & NEWTON *vs.* BURTON & WITHEY.

FRANKLIN, January, 1833.

A to maintain trespass against B. for taking a personal chattel, must prove, that at the time of taking, he had an *actual* or *constructive* possession of the chattel; and also a *general* or *qualified* property in the same.

If A. lease land to B. for the rent of $50 per annum, and B. agrees that A. shall have a hold, or lien on the crops raised on the premises until the rent is paid, it is merely an *executory* contract, and by it A. acquires no *general*, nor *qualified* property in the crops before they are raised and delivered to him by B.

Where a constable makes an imperfect return upon a writ, which is delivered to the Justice of Peace, who signed it, it becomes a part of his files, and by leave of such Justice of Peace, the constable may amend his return, if such amendment will not affect the interest of third persons, and be consistent with the truth.

In action of trespass by A against B. for carrying off a chattel, B. under the general issue may give in evidence, that at the time of taking, the chattel was in the actual possession of C. and he had the general property in the same: showing these facts will defeat A's. recovery without showing that the chattel was taken on legal process against C. when it was carried off.

The Court is bound to give an opinion to the jury upon a question of law, upon request, if it be pertinent to the issue; but not if it involve a question of fact.

This was an action of Trespass originally commenced at the County Court, and there tried on the general issue. Upon the trial of the case before the jury, the opinions and charge of the Court were made the subject of a Bill of exceptions, upon which the case now comes up to this Court for further adjudication. Most of the facts set forth in the Bill of Exceptions are sufficiently stated in th

FRANKLIN,
January,
1833.

Brainard and
Newton
*vs.*
Burton and
Withey.

opinion of the Court for a full apprehension of the case.

Here it will be necessary merely to state that the property for which this suit was commenced was taken by one of the defendant's as agent and the other defendant as constable of St. Albans, by virtue of a writ of attachment and also an execution in favor of one John H. Burton, which were shown in justification. But being objected to by the plaintiff they were excluded by the Court on the ground, that they were not legally served. The defendants then moved the Court for leave to the officer to amend his returns, which was refused.

The briefs, not having been furnished the reporter, the arguments and names of counsel are necessarily omitted.

BAYLIES, J.—The plaintiffs have brought their action of *Trespass* against the defendants for taking thirty bushels of ears of corn, which the plaintiffs allege was their *property* and in their *possession* when taken. The defendants pleaded the general issue, *not guilty*, with notice of special matter to be given in evidence.

The plaintiffs to maintain their action were bound to show, that at the time when the injury was done, they had either the *actual* or *constructive* possession of the ears of corn; and also had either a *general* or *qualified* property in the same. 1 T. R. 480; 4 T. R. 490.

Now, do the facts in the case show any such possession, or property? In substance, the facts are, that one *Briant* was the owner of 40 acres of land, with buildings thereon in St. Albans, which land and buildings he leased to the plaintiffs in April 1830, for one year; and soon after, the plaintiffs leased the same land to Flanders and Burbank for the same term, they to pay $50 rent, and "*the plaintiffs to have a hold or lien on the crops raised on said premises, until the rent was paid.* Flanders and Burbank took possession, and agreed on a division of the land between them, so that Burbank was to pay $30 and Flanders $20 of the rents. Soon after *Flanders* took possession, he called on Newton, one of the plaintiffs, and told him, that he could not carry on his part of the farm on account of his creditors troubling him, and asked Newton what he should do? Newton told him to let out his part of the

FRANKLIN,
January,
1831.

Brainard and
Newton
vs.
Burton and
Withey.

farm, and do the best he could. Flanders then let out two acres to one Wilder, who agreed to plough, and plant the land with corn, and hoe the same. The crop was to be divided standing in the field, and each to harvest his share. The crop was divided in the field, and each harvested his own: Flanders put his share into a crib on the premises, nigh his house, and mixed his other corn with it. Wilder never knew that the plaintiffs claimed any part of the corn raised by him on the two acres.

The foregoing facts are insufficient in the law to show that the plaintiffs had either an *actual* or *constructive* possession of the corn ; or had a *general* or *qualified* property in it, when the defendants took the corn, as the property of Flanders.

But the plaintiffs rely mainly upon the aforesaid words, " *the plaintiffs to have a hold or lien on the crops raised on said premises until the rent was paid,*" to entitle them to recover in this action; inasmuch as the corn was raised on the premises, and the rent had not been paid. Here I would observe that the *words*, relied on by the plaintiff's, do not constitute a mortgage, or pledge of the crops ; for, at that time, the contract was made, the crops were not raised, and could not be mortgaged, or pledged : the *words* relied on, constituted an executory contract, by which the plaintiffs were to have a hold or lien upon the crops, when raised, by their being put into the plaintiffs hands as security for payment of the rent. This case is analogous to many other *executory* contracts, where the thing contracted for is not in existence, and nothing passes by the contract, till the thing does exist, and is *actually delivered.*— See *Mucklow et al* vs. *Mangles*, 1 Taunt. 319; *Robinson* vs. *McDonnell*, 2 B. & A. 134; *Stringer* vs. *Murray*, 2 B. & A. 248 ; *Bonsey* vs. *Amee*, 8 Pick. 336.

In the case at bar, the facts do not show, that the corn in question was delivered to the plaintiffs; therefore they have failed to show possession, or property in the corn, and cannot recover.

The defendants in the course of the trial, moved the County Court, that the officer have leave to amend his return on a certain writ of attachment, which was offered in evidence; and also to amend his return on a certain writ

FRANKLIN,
January,
1833.

Brainard and
Newton
vs.
Burton and
Withey.

of execution, which was offered in evidence. On these two writs the officer took the corn in question, and imperfectly made his returns. But the writs, with the returns thereon, belonged to the files of the Justice of the Peace, who signed them, and to whom they had been returned; therefore they should not be altered without the consent of such justice. So the County Court were right in refusing leave for the officer to amend his returns.

But it *seems*, if the application, for the officer to amend his returns, had been made directly to the Justice of the Peace, who signed the writs he might with propriety have permitted the amendments, if they would not effect the interest of third persons, and would not be *false* : The officer however would be answerable for their falsity. 11 Mass. Rep. 413, 480.

Let us enquire, what evidence the defendants might give under the *General Issue,* which was pleaded? We have stated, that it was incumbent on the plaintiffs to show, either an *actual* or *constructive* possession, and also a *general* or *qualified* property in the corn, when it was taken; therefore any thing, which would tend to disprove those facts, the defendants might give in evidence under the General Issue : they might prove under this Issue, that Flanders had the *actual* possession, and *general* property in the corn when it was taken. If the facts were so, then the defendants did not trespass upon the plaintiffs rights in taking the corn, and they cannot maintain their action. So, that the pretended conveyance of the corn from Flanders to the plaintiffs was made to delay, and defeat the creditors of Flanders, and was void as it respected them; and that defendants took said corn by legal process to pay, and satisfy a *bona fide* debt of said Flanders. might all be given in evidence under the General Issue.

The defendants requested the Court to charge the Jury, " that if Brainard and Newton rented the farm to Burbank, and Flanders, at a rent of fifty dollars a year as above stated with an agreement at the same time, that Brainard and Newton should have a hold or lien on the crops raised on said premises, until the rent was paid, and that this was the only title the plaintiffs had to the corn, in question, that the plaintiffs were not entitled to recover in this ac-

tion." This was a plain request, not involving any ques- <span style="float:right">Franklin,<br>January,<br>1833.</span>
tion of fact, and was pertinent to the issue, and the Court
was bound to meet it by a full expression of their opinion <span style="float:right">Brainard and<br>Newton<br>vs.<br>Burton and<br>Withey.</span>
of the law to the jury; but it *seems* the Court carefully a-
voided the expression of any such opinion, which is error.

The judgement of the County Court is reversed and a
new trial is granted.