JOHN CILLEY *v.* IRA CUSHMAN.

When the trial of an issue of fact is by the court and the evidence will warrant a recovery, exceptions cannot be taken to their judgment on the ground that they might have taken another view, and, on that view, decided a question of law.

When the owner of property permits it to remain in the possession of a third person, and while in his possession it is sold at a sheriff's sale, on an execution against such third person, but the purchaser does not take possession of it, but suffers it to remain there as before, the owner is not divested of his right to the property, nor can the creditor of the purchaser take it on an attachment, unless there is fraud.

TRESPASS for taking one ox and one cow. Plea general issue, with notice. Issue to the court.

On the trial in the court below, the following facts were found: viz. The plaintiff, in the spring of 1834, purchased a cow and delivered her to his father, Ebenezer Cilley, who was to have the use of said cow, and was, in consideration thereof, to raise the calf for the plaintiff. Said cow had a calf that year, which was raised by said Ebenezer. The plain-

tiff resided in New York. In February or March, 1835, an execution was issued against the said Ebenezer, and, at said Ebenezer's house, the officer, by virtue of the execution, sold at auction to C. M. Lamb, one colt and three calves, one of which was the cow now in question, all which were then there at said Ebenezer's house, and there remained and were never taken away by said Lamb. Of this proceeding the plaintiff had no notice, and the cattle still remained with said Ebenezer. In June or July, 1838, the defendant, as an officer, attached said cow and other cattle so remaining at E. Cilley's, as the property of C. M. Lamb, on a writ against him, which was produced in court, and the officer drove the cattle away. The plaintiff was then present. The plaintiff also gave testimony tending to show that said sale to Lamb was colorable and fraudulent as to said Ebenezer's credit rs. The court also found that said Ebenezer had, before the attachment by the defendant, *bona fide*, sold to plaintiff said ox, which was one of the calves so stated to have been sold to Lamb and so taken by defendant

The defendant gave evidence tending to prove that the said sale to Lamb was a *bona fide* sale.

The court adjudged that the plaintiff recover the value of said cow, being sixteen dollars, and his cost.

The defendant excepted to the judgment of the county court.

*W. Hebard,* for the defendant, urged the validity of the sale to Lamb, as being a sheriff's sale and having, as such, the effect of a sale in market overt. *Bates* v. *Carter,* 5 Vt. R. 602. *Heacock* v. *Walker,* 1 Tyler, 338. Sheriff's sales require no change of possession. *Gates* v. *Gaines,* 10 Vt. R. 346. *Kidd* v. *Rawlinson,* 2 B. & P. 59. Nor does the title of a purchaser, at a sheriff's sale, depend for its validity upon the legality of the officer's proceedings. *Bates* v. *Carter, ut supra. Howe* v. *Starkweather,* 17 Mass. R. 243. *Titcomb* v. *Union and Marine, Ins. Co.* 8 Mass. 326.

*D. Cobb and L. B. Vilas,* for the plaintiff, insisted that the plaintiff's right to the property had not been affected by the sale to Lamb. Nothing had been done in that case that would have made the officer liable to the plaintiff in an action

of trespass. He had assumed no control of the property. At best the officer could transfer to the purchaser no more right in the property than Ebenezer Cilley possessed, and the purchaser's remedy in that case would be against the officer, upon the implied warranty that Ebenezer owned the property.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—In every case, which comes from the county court when the issue is tried by them, it should appear from the case, that they erred in deciding some questions of law and that this error either did produce, or tended to produce, the result to which they arrived. When the trial is by the jury, the questions are easily presented, either by objections to the admission or rejection of testimony on which the verdict was, or might have been, rendered, or by objections to the charge of the court on the testimony, which might have produced the result complained of. In trials by the court, objections may be raised on the admission or rejection of testimony. But if testimony is properly before the court and they render judgment thereon for the plaintiff or defendant, and the testimony would warrant such a judgment, error cannot be predicated of these proceedings, on the ground that if they had taken another view of the testimony they could not have arrived at the result without an erroneous decision of a question of law.

In this case the plaintiff shewed an apparent title to the cow, for which the recovery was had, prior to any claim of the defendant. The defendant introduced testimony to show his claim, that is, the sale to Lamb and the transfer of that title to himself. The plaintiff also introduced testimony to show that the sale to Lamb was colorable and fraudulent, as against the creditors of Ebenezer Cilley, and the defendant introduced testimony to prove the contrary. There was nothing erroneous in admitting any of this testimony, and, if properly admitted, the court, who tried the issue, might legitimately infer that the title, which the plaintiff had, was not divested by a sale on an execution fraudulently devised and contrived between Lamb and Ebenezer Cilley, and this, in my view, would entitle the plaintiff to an affirmance of the judgment without proceeding any further, as, upon testimo-

ny properly before the court, it does not appear that they were led to their conclusion by the decision of any question of law, which might have been discussed in the course of the trial.

A question of law, however, is supposed to have been embraced in the case, and decided by the county court, which has been argued and on which we have no reluctance to express our opinion. The abstract question, whether a sheriff's sale on execution is likened to a sale in market overt, and will divest the property of the owner, and pass it to the purchaser, notwithstanding the execution was against a third person, we are not prepared to decide without further reflection and examination. But, to give the sale such an effect, there should be, not only the public sale but a delivery of possession to, and a taking possession by, the purchaser. It is true the purchaser may permit the property to remain with the former owner, without being liable to have his purchase defeated, by a subsequent attachment or execution of the creditors of the former owner, and, so far, a sheriff's sale is considered as an exception to the principle of law, which makes sales of personal property void, when the former owner is permitted to remain in possession. But, in such cases, the sale is complete, and the consent of the purchaser and former owner is given to such possession, and the latter becomes the agent of the former. These principles cannot be extended to a case like the present, where the attempt is to divest the real owner of his property by a *mere* sale of it as the property of another. No evidence was given to show that the plaintiff was ever out of possession of the cow, that Lamb ever had the cow in his custody, that there was any agreement between Lamb and Ebenezer Cilley that the latter should keep the cow as his agent and for him, but the property remained where it always had been, and where the plaintiff had a right to consider it as in the hands of his agent, without any notice to him that any attempt had been made to take away either his title or possession ; and we apprehend that if property, situated like this, had been sold in market overt, by Ebenezer Cilley, who in that case would have been a wrong doer, or if a thief, who had stolen a horse, should sell him in market overt, and such sale were attended with all the cir-

ORANGE,<br>
March,<br>
1840.

Cilley<br>
v.<br>
Cushman.

ORANGE,
March,
1840.

Cilley
v.
Cushman.

cumstances necessary to give it validity, in the first instance, and the purchaser, without taking any actual custody or delivery of the property thus sold, should suffer or permit it to remain with the wrong doer or thief for so long a time, such a sale could not be set up to divest the owner of his property, but he would be justified in taking it from the possession of the wrong doer, and protected against any suit which the purchaser might bring after such a lapse of time, and he could maintain a suit therefor, when it was taken by the purchaser from the custody of his agent, where it it had remained so long without any attempt on the part of the purchaser to assert his right under the sale. In any view, which is presented in this case, we can see no error in the proceedings of the county court, and their judgment is affirmed.