# RUFUS C. SMITH v. JOHN A. ATKINS.

It is without doubt true, that the sale of a thing not in existence is, upon general principles, inoperative, being merely executory. But when the thing thereafter to be produced is the produce of land, or other thing, the owner of the principal thing may retain the general property of the thing produced, unless there be fraud in the contract.

Smith *v.* Atkins.

A lease of land, reserving rent, and which provides that all the crops, raised on the land during the term, are to be the property of the lessor until the rent is paid, is valid, and will entitle the lessor to hold such crops against the creditors of the lessee.

In this case A. leased land to B. for the term of two years, reserving rent, and B. executed to A. at the same time a promissory note for the first year's rent, and the lease contained a provision, that the lessor was to have entire control and ownership of all the crops raised on the farm, until the rent of each year was paid. A. endorsed the note to C. and delivered to him the lease as security for the payment of the note. And it was held, that C. would hold the crops, raised on the land during the first year, as security for the note, as against the plaintiff, who attached the same crops as the property of B. and became the purchaser of them at the sheriff's sale upon the execution obtained in his suit, and who brought this action of trespass against C. for subsequently taking the crops into his own possession.

TRESPASS for taking a quantity of hay. Plea, the general issue, with notice of special matter of defence, and trial by jury,—RED-FIELD, J., presiding.

The plaintiff claimed title to the hay in question by virtue of a sheriff's sale of the same, as the property of Henry C. Frink, to the plaintiff, on the seventh day of December, 1843, on an execution in the plaintiff's favor against Frink.

The defendant proved, that the hay was the produce of a farm in Waterbury, leased by one Joel Rice to Frink, and that Frink had been in possession of the farm, under the lease, from the first of April, 1843, to the time of the sale upon the plaintiff's execution. The lease from Rice to Frink bore date February 20, 1843, and was duly recorded, and conveyed to Frink the farm for the term of two years, reserving an annual rent of two hundred dollars, and contained a clause in these words;—" And the said Joel Rice is to have complete and entire control and ownership over all the crops raised on the farm, as though he raised them himself, until the entire sum is paid each year." The defendant also proved, that Frink, at the date of the lease, executed to Rice a promissory note for two hundred dollars, for the first year's rent, on which had been endorsed one hundred dollars, and that Rice, in October, 1843, transferred that note to the defendant, and also delivered to him the lease to Frink as security for a debt which Rice owed to the defendant;—and no question was made as to the validity of this

transfer. The hay was taken by the defendant, subsequent to the sale upon the execution, from the barn where it was, when sold, which barn was situated upon the leased premises.

The plaintiff then offered testimony tending to prove, that the defendant had taken, of the hay raised upon the farm, more than sufficient to pay the balance due upon the note ; and also testimony tending to prove, that, at the time of the sheriff's sale, Frink.agreed to keep the hay for the plaintiff and draw it to him, and that the defendant took the hay away within two days after it was sold to the plaintiff. But this testimony was objected to by the defendant and rejected by the court.

The court instructed the jury, that the hay, by the terms of the lease, was the property of Rice, the lessor, until the payment of the rent by the lessee ; that the transfer of the note and delivery of the lease by Rice to the defendant, in October, 1843 constituted the defendant the agent of Rice for enforcing collection of the rent ; and that the plaintiff derived no such title to the hay, by virtue of his purchase at the sheriff's sale, as would enable him to maintain this action against the defendant, until payment of the rent.

Verdict for defendant. Exceptions by plaintiff.

*R. C. Smith* and *Heaton & Reed* for plaintiff.

The court erred in rejecting the testimony, which tended to prove that the plaintiff took possession of the hay, so far as it was possible for him to do so ; for we claim, that a purchaser at sheriff's sale, if he take immediate possession of the property, is protected in his purchase, as against all other persons. 1 Tyl. 35. 5 Vt. 602. 7 Vt. 92. 12 Vt. 494. 1 Tyl. 338. If the defendant was justified at all, in taking the property, it would only be to the extent of his interest in the note transferred to him ; and therefore it was error to exclude testimony tending to show that he had taken more than sufficient to pay the balance due upon the note.

All the parts of the lease, taken together, show that all that was intended was, that Rice should have the right, as against Frink, to take possession of the crops at any time he chose, if he thought himself in danger of losing the rent. He did not so take actual possession, and, the lease not giving him a constructive possession, the contract as to the crops was void, as against creditors. If the

lessee, Frink, had sold the hay in question, and it had been removed, could Rice, the lessor, or his agent, recover of the purchaser the pay therefor ?   If not, neither can he be permitted to recover it of a purchaser at a legal sale by Frink's creditors.   The first in diligence is the first in right.   5 Vt. 97.   15 Vt. 131.   16 Vt. 377.   Public policy does not require, that the lease should be construed in accordance with the defendant's claim.

*J. Deane, Jr.*, for defendant.

It is claimed by the defendant, that the property in the crops always remained in Rice, until the *whole rent* was paid, and that the reservation in the lease is not repugnant to the matter of the lease, nor to any principle of public policy.   The *reservation* did not operate as a fraud upon the creditors of Frink, for the reason that the lease was duly recorded.   The attachment and levy by the plaintiff and the subsequent sale by the officer gave the purchaser no title, for the reason that Frink, the judgment debtor, had no title whatever in the hay, until the entire rent was paid.   Public policy requires, that a reservation of this character, in leases, should be sustained by our courts.

The testimony offered by the plaintiff was properly rejected.   Until the *entire sum* of the rent was paid, Frink had no property in the hay ; and the fact, that Frink agreed to keep the hay for the plaintiff and draw it to him, was perfectly immaterial.

The opinion of the court was delivered by

REDFIELD, J.   It appears to have been admitted in the case, that the note for the first year's rent was transferred to the defendant; and this would, of course, give to him the same lien upon the crops, which Rice had by virtue of the lease.   By the finding of the jury we must conclude, that, at the time of the sale upon the plaintiff's execution, the rent was not fully paid.   This being hay in the barn, and sold without delivery, the sale would not vest in the purchaser any other title, than the debtor had ; *Cilley* v. *Cushman*, 12 Vt. 494 ; and it is questionable, whether any sheriff's sale will vest any greater title than this.   It certainly will not at common law.   *Farrant* v. *Thompson*, 5 B. & A. 826, [7 E. C. L. 272.]*   The debtor

*And See *Griffith* v. *Fowler*, *ante*, page 390.

Smith *v.* Atkins.

*Frink,* then, at the time of the levy and sale, had no attachable property in the hay *by the terms of the lease.* The only remaining question is, whether the court will give effect to the lease according to its terms.

1. It is said, that this is a sale of property not *in esse,* and so void upon general principles and also by the express decision of this court; *Brainard et al.* v. *Burton,* 5 Vt. 97. But we think, that that case, or the rule of law referred to in it, will not apply to a case like the present. It is, without doubt, true, that the sale of a thing not in existence is, upon general principles, inoperative, being merely executory,— that is, it confers no title in the thing bargained. But when the thing, thereafter to be produced, is the produce of land, or other thing, the owner of the principal thing may retain the general property of the thing produced, unless there be fraud in the contract, and it be entered into merely to defeat creditors. The leasing of land, or domestic animals, or delivering to another property to trade with,—the lessee having still an interest in the thing, but the general property remaining in the lessor,—is not a sale of things not *in esse,* nor is it so to be esteemed, even where the lessor retains a lien for his rent upon the product of the land, or the animals.

2. It is argued, that such contracts are so much against public policy, that they ought not to be supported. But we think, they are rather beneficial, and enable the poor man to *obtain credit* and the use of land, when he could not otherwise do it, and that without detriment to the creditors. And we do not perceive, how this will enable him to deceive any one, as the nature of his property may be as well ascertained in such case, as in any other. So far as there is any principle of policy involved in questions of property, it is supposed to have reference to the security of *property* and *credit* to those who most stand in need of such protection, who are not generally of the same class of persons. The rule here adopted, we think, secures both far better than the opposite rule could.

Judgment affirmed.