### LEVI WHITCOMB *vs.* EPHRAIM TOWER.

W. demised a farm and sheep to H. and S. for a year, at $100 rent, by an instrument which contained these words: "The wool now growing on the sheep, and the lambs, if any, which the sheep may have, I shall claim to remain my property, until the worth of it and them is paid me towards the use of the place:" The wool and lambs were attached, during the year, as the property of H. and S., before they had paid any part of the rent, and W. brought an action of trespass against the attaching officer. *Held,* that the wool and lambs were the property of W., and that the action was well brought..

TRESPASS for taking and carrying away two hundred and fifty pounds of butter, two hundred pounds of wool, and thirty lambs. The defendant pleaded the general issue, and filed a specification of defence, wherein he justified taking said articles, as constable of the town of Florida, on a writ against Smith Hix and Russell Stafford, in favor of Shoreman Goodman; alleging that said articles were the property of said Hix and Stafford.

At the trial in the court of common pleas before *Merrick,* J. the plaintiff put in a lease for one year, made by him on

the 7th of April 1845, to said Hix and Stafford, of his farm and other lands in Florida, "and also " (in the words of the lease) "certain personal property, to wit, sixty two sheep and five cows; the same sheep to be returned, if living, or enough to make the number good, at the end of the year; the wool now growing on the sheep, and the lambs, if any, which the sheep may have this spring, I shall claim to remain my property, until the worth of it and them is paid me in money towards the use of the place; and the use of the dairy, and the tillage crops, shall remain my property, except for the use of the families, until the use of the farm is paid." The rent to be paid by said lessees was one hundred dollars.

It was admitted that the wool and lambs, taken by the defendant, were the produce and progeny of the sheep mentioned in the lease, and that the butter, taken by the defendant, was made from the milk of the cows mentioned in the lease. It was also admitted that the rent reserved in the lease had not been paid, and that the lease was never recorded.

The plaintiff also gave in evidence a written demand, made by him on the defendant, after he had taken said articles, viz. on the 5th of October 1845, of the sum of $100, which the plaintiff alleged to be due to him from Hix and Stafford, as rent of his farm, &c.

The defendant contended that, upon the evidence, the plaintiff was not entitled to recover. The judge ruled, that for the butter the plaintiff could not recover; but that he was entitled to recover the value of the wool and lambs. The jury were instructed accordingly, and they thereupon returned a verdict for the plaintiff, for $67·50, which was the value of the wool and lambs, as agreed by the parties. The defendant alleged exceptions.

*Dawes,* for the defendant. The lessees, as such, were entitled to the crops and the wool. *Butterfield* v. *Baker,* 5 Pick. 524. *Wait, Appellant,* 7 Pick. 105. *Stewart* v. *Doughty,* 9 Johns. 113. 1 Hilliard's Ab. (2d ed.) 236, 237. The provision in the lease, that the wool and lambs should remain

the property of the lessor, meant that they should be held by him, when produced, till the rent should be paid. But this was of no legal effect. *Grantham* **v.** *Hawley*, Hob. 132. *Lewis* **v.** *Lyman*, 22 Pick. 443. *Lanfear* v. *Sumner*, 17 Mass. 110. *Legg* v. *Willard*, 17 Pick. 140. Story on Sales, §§ 282, 286. Story on Bailm. § 440. *Jones* v. *Richardson*, 10 Met. 488.

The plaintiff will contend, on the authority of *Barrett* **v.** *Pritchard*, 2 Pick. 512, that here was a conditional sale to the lessees, and that the crops were not theirs before payment therefor. But the lessor is rather to be considered as mortgagee of the crops; no special words being necessary to constitute a mortgage. He has also put his claim on the Rev. Sts. *c.* 90, and demanded, as mortgagee, payment of the defendant, directly contrary to his claim under a conditional sale; and also against law, as the mortgage was not recorded.

The rent was not due to the plaintiff till the end of the term, to wit, in April 1846. Co. Lit. 142. 1 Hilliard's Ab. (2d ed.) 243. Nothing was due, therefore, when this action was commenced. The plaintiff had no right to possession, till payment was demandable, and cannot maintain trespass. *Ward* v. *Macauley*, 4 T. R. 489. *Muggridge* v. *Eveleth*, 9 Met. 235.

*Robinson, Jr.* for the plaintiff. The contract, called a lease, was conditional, namely, that Hix and Stafford should have certain property when they should pay for it, and that it should be the property of the plaintiff until it should be paid for. *Barrett* v. *Pritchard*, 2 Pick. 512. *Lewis* v. *Lyman*, 22 Pick. 437. *Reed* v. *Upton*, 10 Pick. 522. *Bigelow* v. *Huntley*, 8 Verm. 151. *Ayer* v. *Bartlett*, 9 Pick. 156.

The case of *Butterfield* v. *Baker*, cited for the defendant, is not in point. There the property was admitted to have passed to the lessee. It is otherwise in the case at bar, as it was in *Lewis* v. *Lyman*, before cited. The plaintiff had the constructive possession of the articles taken by the defendant.

as well as the property, and may therefore well maintain trespass.

DEWEY, J. The only question, raised upon these exceptions, is as to the right of the plaintiff to recover for the wool and the lambs, taken and attached by the defendant as the property of Hix and Stafford.

The articles of agreement made between the plaintiff and Hix and Stafford clearly enough indicate the intention of the parties as to the property, and the wool and lambs vesting in the plaintiff, until the payment of the rent. The only question is, whether such agreement can legally have the effect intended to be given to it by the parties thereto. We think the present not like the case of *Butterfield* v. *Baker*, 5 Pick. 522, where an agreement that the future crops should be subject to be taken by the lessor, at all times, for the payment of any rent that might be arrear, was held not to give priority over an attaching creditor ; the lessor not having entered upon the premises, and taken possession of the produce, under the stipulation that he might do so for rent in arrear. Such entry and taking possession were there necessary to vest the property in the lessor. The present case falls more properly within the principles of the cases of *Lewis* v. *Lyman*, 22 Pick. 437, and *Barrett* v. *Pritchard*, 2 Pick. 512. In this case, as in those, the property in the articles in controversy remained in the lessor until the payment of the rent. Under the form of the lease, it required no further act of the lessor to vest in him the property in these articles, and he may therefore hold them, as against an attaching creditor. He had the right of property, and the constructive possession, and may therefore well maintain this action for the wool and lambs. The case of *Smith* v. *Atkins*, 18 Verm. 461, is strongly in point, as an analogous decision.

*Exceptions overruled.*