Baxter *v.* Bush.

---

WILLIAM H. BAXTER *v.* SAMUEL G. BUSH.

*Landlord and tenant.   Infancy.*

A provision in the lease of a farm that the lessor retains a full lien on all the crops and produce of it, as security for the payment of the specified rent, constitutes him the sole owner of the crops and produce thereafter raised, and entitles him to the control of them, and will render the lessee liable to an action of trover if he dispose of them before the rent is paid.

The lessor's right, in this respect, is not affected by his taking, at the time of giving the lease, the promissory note of the lessee with surety for the amount of, and as security for the same rent, and endeavoring to enforce the collection of it.

The infancy of the lessee under such a lease is no defense to an action of trover for the conversion of the crops. His liability does not arise from the mere breach of a contract, but from an unlawful appropriation to his own use of the property of another.

In this case the lessee, who was an infant at the time the lease was made, became of age before the expiration of its term, but continued to occupy the leased premises until the termination of it. If his infancy would have been otherwise available, this continuance in possession subsequent to his becoming of age was a ratification of the lease, and rendered all its provisions obligatory upon him.

31

TROVER for a quantity of hay, grain and potatoes. Plea, the general issue. Trial by jury, June Term, 1856,—UNDERWOOD, J., presiding.

The plaintiff introduced a lease of a farm, dated April 1, 1853, and evidence to prove that the defendant raised on said farm hay, oats and potatoes to the value of more than seventy dollars; and that just prior to the commencement of this suit he demanded said produce of said farm; and also evidence that the rent mentioned in the lease had not been paid; and it was conceded that the crops were worth more than the rent. The lease above referred to was as follows:

" This indenture made this first day of April, A. D. 1853, by and between William H. Baxter, of Barton, of the one part, and Samuel G. Bush, of Irasburgh, both in Orleans county, state of Vermont, of the other part, witnesseth: that the said Baxter, for the consideration of sixty-seven dollars and fifty cents, to be paid in eight months from date, hath demised, granted and to farm let unto the said Bush, and doth hereby demise, grant, and to farm let unto the said Bush, his heirs executors and assigns, all of that piece or parcel of land in Irasburgh deeded to said Baxter by John and Maria Huntington the 17th of December, A. D. 1852, with all the privileges and appurtenances thereunto belonging; the said Baxter retaining a full lien on all the crops and produce of said farm as security for the payment of said specified rent. To have and to hold said leased premises to the said Bush, his heirs and assigns for the term of one year from this date. And the said Bush, for himself, his heirs, executors and assigns, doth covenant and agree to pay or cause to be paid the aforesaid rent, and to improve and cultivate said premises in a good, husbandlike manner, and at the end of said term surrender the possession of said premises to the said Baxter, and also to give a full lien on the crops as security for the payment of said rent of sixty-seven dollars and fifty cents as aforesaid. In witness whereof we have hereunto set our hands and seals this 1st day of April, A. D. 1853.

> " WILLIAM H. BAXTER, [L. S.]
> " SAMUEL G. BUSH.    [L. S.] "

The defendant's evidence proved that he was a minor when said lease, and also when said demand was made, and that he did not arrive at his majority until the 28th of September, A. D. 1853 ; that when said lease was executed the defendant gave his note, signed by himself and his mother, as surety for said rent, which had never been surrendered; and that the plaintiff had brought a suit on the note given for the rent, and that the plaintiff had a suit then pending for the rent reserved in said lease.

The defendant insisted that the terms of the lease did not give the plaintiff a property in the crops, such as would entitle him to recover, but the court ordered a verdict for the amount of the rent reserved in the lease and the interest, to which the defendant excepted.

*Cooper & Bartlett,* for the defendant.

I. The contract between the plaintiff and defendant was not binding on the part of the defendant, he being a minor at the time of making said contract, and the plaintiff cannot convert an action founded on contract into a tort so as to charge the infant defendant ; *Jennings* v. *Randall,* 8 T. R. 335 ; 2d Starkie's Ev. 724; Chitty on Contracts 34 ; *West* v. *Moore,* 14 Vt. 447 ; *Town* v. *Willy,* 23 Vt. 353 ; *Morrill* v. *Adams,* 19 Vt. 505 ; 6 Cranch 220; 3d Pick. 492 ; 2d Stark Ev. 724; *Pierce* v. *Freeman,* 27 Vt. 268.

II. A direct promise, when of age, is necessary to establish a contract made during minority, and a mere acknowledgement, as in cases under the statute of limitations, will not have that effect. Such promise must be made deliberately, and with a knowledge that the party is not liable by law ; 9 Mass. 62. In this case we find none of these acts of confirmation; no direct, deliberate promise, no acknowledgment after the defendant became of age ; no act of any kind to adopt or recognize the acts of his minority, but the defendant has wholly disclaimed and repudiated the same, both before and after becoming of age ; Chitty on Contracts 35 ; *Smith* v. *Mayo et al.,* 9 Mass. 62 ; *Richardson* v. *Boright,* 9 Vt. 368.

III. The term lien in common acceptation denotes a *legal* claim or charge on property, real or personal, for the payment of a debt

or duty, although the property need not necessarily be in possession of the person claiming the lien; 21 Vt. 599. A lien is in no wise analagous to a set off, and the right is only admitted for the benefit of trade, and must be confined to that kind of business. A farmer cannot retain horses, oxen, cows, and the like, for their keeping; 1 Swift's Digest 538. A lien is determined by taking collateral security for the same debt upon which the lien is created, (12 Petersdorf 277, 293,) which the plaintiff in this case did take by the promissory notes of the defendant, with surety, given at the time of making the contract.

IV. A contract that the lessor shall have a lien upon the crops to secure his rents does not vest the property not *in esse* in the plaintiff so that he can maintain trover against the tenant for converting the crops; *Brainard & Newton* v. *Burton et al.*, 5 Vt. 97.

*J. P. Sartle*, for the plaintiff.

I. Trover may be sustained against an infant for wrongfully converting property; *Greene* v. *Sperry*, 16 Vt. 390; *Humphrey* v. *Douglas*, 10 Vt. 71.

II. Where the plaintiff leases a farm, reserving in the lease a lien upon all the crops raised upon said farm until the rent is paid, he has such a property in them as will enable him to maintain trover for the conversion of them; *Smith* v. *Atkins*, 18 Vt. 461.

The opinion of the court was delivered by

ISHAM, J. The property for which this action is brought is the produce of a farm leased by the plaintiff to the defendant for the term of one year from and after the first of April, 1853. Its conversion by the defendant is not disputed. The questions arise, whether the plaintiff has that interest or title to the property itself, which will enable him to sustain the action of trover; and whether the infancy of the defendant constitutes a defense. To sustain the action, the plaintiff must show a title to the property converted, either general or special, and his right to the immediate possession of it. The lease contains the provision *that the plaintiff shall have a full lien on the crops of that year as security for the payment of the rent of sixty-seven dollars and fifty cents.* If this provision is sufficient to give the plaintiff a title to the crops, there

is no doubt as to his right to recover to the extent of his lien, as it is conceded that their value is equal to the amount due for rent. In the case of *Paris* v. *Vail*, 18 Vt. 277, and *Smith* v. *Atkins, ib.* 464, the lease contained the provision that the *crops were to be and remain the sole property of the plaintiff as a lien* and security for the payment of the rent, and for the performance of all the covenants and stipulations therein. There is no difference in principle between that case and the one under consideration. The plaintiff in that case was to have the sole property in the crops *as a lien.* It was only to that extent and for that purpose his sole right of property existed. In this case, also, it is a matter of express provision that the plaintiff is to have a lien for the same purpose. He has to that extent and for that object the sole ownership. It is a legal implication in this case, what was expressed in the other. The parties obviously intended that the plaintiff should be the owner and have the control of the crops until the rent for that year was paid, and in all stipulations of that character the intention of the parties should be the rule of construction. The doctrine is well settled that a party may transfer a title to crops, though not then *in esse, and which are to be grown upon the land,* and the property will pass as soon as they are grown. That was the very point determined in the cases of *Paris* v. *Vail,* and *Smith* v. *Atkins,* above cited. The same rule is sustained in England, and in other American cases, and applies not only to the produce of land, but to other cases of contracts where the property is not *in esse* at the time ; *Grantham* v. *Hawley,* 14 Viner Abg. 72 ; *Leslie* v. *Guthrie,* 1 Bing. 697 ; 8 Price 269 ; *Langton* v. *Horton,* 1 Hare. 549 ; *Mitchell* v. *Winslow,* 6 Law Rep. 347 ; *Lewis* v. *Lyman,* 22 Pick. 437. The principles and reasoning upon which that doctrine is founded are fully considered by the court in the cases of *Paris* v. *Vail,* and *Smith* v. *Atkins,* and to which, for that purpose, it is only necessary to refer.

In the case of *Brainard* v. *Burton,* 5 Vt. 97, it was held, that a similar provision in a lease was merely an executory contract, and that the lessor acquired no general or qualified property in the crops before they were *grown and delivered to him* by the lessee. That case, however, is not now regarded as being sound in

principal, and is virtually overruled by the cases of *Paris* v. *Vail*, and *Smith* v. *Atkins*, 18 Vt. 464.

The fact that at the time the lease was made the plaintiff took the defendant's note, with surety, for the rent, has no effect upon the plaintiff's title to this property. He had a right to take the note and also the additional security of a lien upon the crops grown upon the farm, and to pursue his legal remedies upon each and all of them until satisfaction for the rent is obtained. It is not a lien created by law merely, but by the act and express stipulation of the parties.

The infancy of the defendant constitutes no defense to this action. It appears that he came of age in September, 1853, but continued in the occupation of the premises during that year. His conversion of this property was a tortious act. His liability in this case does not arise from any breach of contract, but for an unlawful appropriation to his own use of the plaintiff's property. In such cases infancy is no defense to the action of trover or trespass ; *Greene* v. *Sperry*, 16 Vt. 392. The fact, also, that he continued in possession of the premises during the year, and long after he came of age, is a ratification of the tenancy, and renders obligatory upon him the provisions of the lease.

The judgment of the county court must be affirmed.