# EHUD DARLING *v.* CHARLES M. ROBBINS AND OTHERS.

## [IN CHANCERY.]

*Equitable Lien.    Reservation in Deed.    Foreclosure.*

A reservation in a warranty deed of land of the crops that might be produced thereon, to secure the interest on the purchase money, is a valid lien and may be foreclosed.

PETITION to foreclose an equitable lien. Heard on the pleadings, December Term, 1887, TYLER, Chancellor. Decree of foreclosure for the petitioner. The case appears in the opinion.

*Hunton & Stickney* and *W. H. Bliss*, for the defendants.

The reservation gave the petitioner no right to a decree of foreclosure. It is repugnant and inconsistent with the grant. Bac. Abr. Tit. Grant; *Athington* v. *Bishop of Chester*, 1 H. Bl. 418; Bish. Con. s. 386; 4 Greenl. Cruise, 244; *Rose* v. *Bunn*, 21 N. Y. 278; *Hutchinson* v. *Ford*, 15 Am. Rep. 711; 46 Am. Dec. 715.

All the cases upholding such lien in this State are cases of lease, and go upon the express ground that the lessor is the absolute owner of the soil. *Leland* v. *Sprague*, 28 Vt. 746; *Cooper* v. *Cole*, 38 Vt. 185.

We can find no case where such a reservation in a deed conveying the fee has been held good. The point was not raised in *Batchelder* v. *Jenness*, 59 Vt. 104; and the decision, so far as it has any bearing, is adverse.

As to the crops, it is an attempt to reserve something from

the grant which is not included in it. A warranty deed does not convey the crops which may grow upon the land after the grant.

The crops of each year are security for the interest of such year. *Buckmaster* v. *Needham,* 22 Vt. 617.

*J. J. Wilson,* for the petitioner.

A reservation in a deed of real estate, of the crops to be thereafter grown thereon, to secure the payment of the purchase money, or rent, is a valid reservation. *Batchelder* v. *Jenness,* 59 Vt. 104; *Cooney* v. *Hayes,* 40 Vt. 478; *Smith* v. *Atkins,* 18 Vt. 461; *Baxter* v. *Bush,* 29 Vt. 465; *Bellows* v. *Wells,* 36 Vt. 599; *Cooper* v. *Cole,* 38 Vt. 185; *Dickerman* v. *Ray,* 55 Vt. 65.

If crops thereafter to be grown can be conveyed by the owner of the land, and the land retained, the owner can retain the crops and sell the land. *Walworth* v. *Jenness,* 55 Vt. 670.

The opinion of the court was delivered by

ROYCE, Ch. J. The petition in this case was brought to foreclose the right of defendants in certain premises described in a warranty deed from the petitioner to the defendant Robbins, dated April 2, 1882, and all the right and title of the defendants in and to the crops raised upon said premises in the year 1887. Said deed was conditioned for the payment of four promissory notes, one for $400, two for $500 each, and one for $800, signed by said Robbins; and made payable to the petitioner or order, with annual interest yearly thereafter, and contained a reservation of all the crops of every description that should be raised upon the premises described in it as security for the payment of the annual interest accruing on said notes. It was alleged in the petition, and admitted in the answer of the defendant Robbins, that there was interest due and unpaid upon three of said notes. The case was heard on the petition and answer. An agreement was made by the parties, and entered on the clerk's docket, that there was due

on the notes December 20, 1887, $1,644.27, and that there would be $81.25 interest due on the 2d of April, 1888; and the decree made was that unless the defendants pay the petitioner the interest that will be due on the 2d of April, 1888, on or before the 3d day of April, 1889, with interest thereon from the 2d of April, 1888, they should be foreclosed of all equity of redemption in the crops named in the petition; and that unless they paid to the petitioner the residue due on said notes on or before the 3d of December, 1888, with interest thereon and costs of suit, they should be foreclosed of all equity of redemption in the real estate.

The defendants make no objection to the decree so far as the real estate is concerned, but insist that no decree should have been made foreclosing their right to the crops; that the only right that the petitioner had to them was based on the reservation made in the deed, and that the reservation being inconsistent with and repugnant to the grant is void.

The question of the right to reserve a lien on crops to be produced between lessor and lessee has been several times before this court, and has always been upheld. In *Baxter* v. *Bush*, 29 Vt. 465, an elaborate opinion was delivered by Judge ISHAM, in which he reviews the English and American cases, and states as the result that the doctrine is well settled that a party may transfer a title to crops though not then *in esse*, and which are to be grown upon the land, and the property will pass as soon as grown. See also *Smith* v. *Atkins*, 18 Vt. 461; *Cooney* v. *Hayes*, 40 Vt. 478; *Bellows* v. *Wells*, 36 Vt. 599; *Batchelder* v. *Jenness*, 59 Vt. 104.

That rule is controlling and decisive here, unless the fact that the petitioner has acquired his title by deed is to distinguish it; and we see no reason for making such a distinction.

Such a reservation is as much an abridgement of the grant in the one case as in the other. An exception or reservation is not void merely because, to some extent, it is inconsistent with the grant, unless by giving effect to it the grant would become wholly inoperative. Hilliard on Real Property, vol.

Darling *v.* Robbins.

3, p. 541; *Adams et al.* v. *Warner et al.* 23 Vt. 395; *Roberts* v. *Robertson*, 53 Vt. 690.

An easement, like a right of way, or to the use of water, has frequently been reserved in the conveyance of premises; and it has never been understood that such a reservation was void on account of its being inconsistent with, or repugnant to, the grant.

By virtue of the reservation made in the deed, the petitioner acquired an equitable lien upon the crops that might be produced upon the premises as security for the payment of the interest that might accrue upon the notes described in the deed; and the decree made was to enable him to realize upon that security.

The decree of the Court of Chancery is affirmed and cause remanded.