## MARTIN *v.* SCHICHTL.

### Opinion delivered June 8, 1895.

1. *Equitable mortgage—Reserving lien on crops for purchase money.*
   The reservation by a vendor of land of a lien on the crops to be raised thereon in certain years for payment of the purchase money creates an equitable mortgage, which attaches as soon as the crops come into existence; and it is immaterial that the lien is called "a landlord's lien," as equity looks through the form to the substance of the agreement.

2. *Lien for purchase money—Mortgagee affected with notice.*
   Where a vendor of land in his deed reserves a lien upon future crops to be raised on the land for payment of the purchase money, one who, with actual notice of such reservation, takes a mortgage covering one of the crops embraced therein takes subject to such lien, whether the deed containing such reservation is of record or not.

Appeal from Faulkner Chancery Court.

DAVID W. CARROLL, Chancellor.

*E. A. Bolton* for appellants.

The deed conveyed all the interest Mrs. Rice had in the land. It was an absolute deed. She had no interest in the crops, and hence could reserve no interest in or lien upon them. The reservation cannot be called a mortgage, for Schichtl would have to execute the mortgage; he would have to convey to her. But if it was a mortgage, it must have been recorded, to be good against strangers. Actual notice is not sufficient. 9 Ark. 112; 35 Ark. 365; *Ib.* 67; 32 *id.* 458. A *landlord's* lien can not be reserved to secure purchase money. No such re-

lation exists. 54 Ark. 16; 39 *id.* 560; 48 *id.* 413; 51 *id.* 218; 134 U. S. 68. In 52 Ark. 439 the instrument was *recorded.* Appellant's mortgage, being put on record first, was entitled to priority.

*Sam Frauenthal* and *G. W. Rice* for appellees.

1. A landlord's lien can be reserved upon the crops, the fruits of the land sold, to secure the purchase money. Tiedeman, Real Prop. sec. 845; 3 Pom. Eq. Jur. sec. 1237, note 2; 39 Ark. 567; 54 *id.* 16.

2. *Actual notice* of contents of a deed is sufficient. 16 Ark. 543; *Ib.* 340; 29 *id.* 357; 47 *id.* 533; 58 *id.* 252; 2 Pom. Eq. Jur. p. 108 *et seq.*

BATTLE, J. On the 24th of January, 1890, Mrs. Elizabeth W. Rice bargained and sold certain land to John N. Schichtl at and for the price and sum of $800, and received from him his five promissory notes for the purchase money, each for the sum of $160, payable respectively on the 1st day of November, in the years 1890, 1891, 1892, 1893, and 1894, and bearing ten per cent. per annum interest from date until paid. She and her husband, on the same day, conveyed the land to Schichtl, and in the deed stated the consideration, described the notes, and reserved a lien on the lands and all the crops produced on them to secure the payment of the same. The lien reserved on the crops was described as a landlord's lien. The deed was acknowledged by the grantors on the day of its execution.

On the 14th of May, 1892, Schichtl mortgaged to Martin & Harton all the crops produced by him in that year, and other property, to secure the payment of his note to them for $260.97, and all other sums of money he would owe to them on the first day of the following November. At and before the execution of this mortgage, Martin & Harton had actual notice of the lien reserved on the crops by Mrs. Rice. The mortgage was acknowl-

edged and filed for record on the 24th of May, 1892; and the deed to the lands was not filed until sometime afterwards.

During the year 1892 Schichtl raised on the land conveyed to him by Mrs. Rice and her husband a crop of corn and cotton. Martin & Harton, under their mortgage, and Mrs. Rice, under the reservation in her deed, claim a lien on the crop. Which is the superior lien? The chancery court decided in favor of Mrs. Rice, and decreed accordingly.

In *Apperson* v. *Moore*, 30 Ark. 56, which was a suit in equity on the mortgage of a future crop, it was held that the lien of a mortgage on an unplanted crop attaches, in equity, as soon as the subject of the mortgage comes into existence, and can be enforced, in a proceeding to foreclose, against the mortgagor and those holding under him with record notice. This power was recognized and confirmed by an act of the general assembly, approved February 11, 1875, which made mortgages on crops to be planted valid.

1. Reservation of lien on crops an equitable mortgage.

It has been frequently held that a reservation, in a lease of a farm, of a lien on crops not *in esse*, which are to be grown on the land, as security for the payment of a stipulated rent, is sufficient to hold the crops, so soon as they come into existence. *Baxter* v. *Bush*, 29 Vt. 465.

The reservation of the lien on crops in this case was an equitable mortgage. If a mortgage on a crop before it is planted to secure an ordinary debt, and the lien of the lessor reserved in the lease, attach to the crop so soon as it is planted, the lien reserved by Mrs. Rice certainly attached, and held the crops as a security for the payment of the purchase money.

The fact that the reservation is inconsistent with and repugnant to the grant in the deed does not defeat the lien. Reservations of easements, like a right of way in conveyances of land, and in leases, of "grass,

herbage, feeding and pasturage," have been upheld, and yet they are inconsistent with the grant. *Rose* v. *Bunn,* 21 N. Y. 275.

The case of *Darling* v. *Robbins*, 60 Vt. 347, sustains our view. In that case it was held that a "reservation in a warranty deed of land of the crops that might be produced thereon, to secure the interest on the purchase money, is a valid lien, and may be foreclosed." The difference between this and that case is, the lien reserved on the crops in the former is to secure the payment of the notes given for the purchase money, instead of the interest alone, as in the latter case. But the rule is the same, and sustains the lien in both cases.

In *Walters* v. *Meyer*, 39 Ark. 560, *Watson* v. *Pugh*, 51 Ark. 218, and *Quertermous* v. *Hatfield*, 54 Ark. 16, cited by appellants, no lien on crops was reserved or created by contract, and the law gave none. They were cases in which land was sold, and the vendee executed his note for the purchase money, and promised to pay it as rent. The court held that "calling the purchase money rent would not make it such, nor create a lien on the crops for its payment." In *Walters* v. *Meyer*, while so holding, Chief Justice English, who delivered the opinion of the court, said: "No doubt a vendor may by contract reserve a lien upon lands and crops, its fruits, to secure the payment of purchase money."

The calling the lien reserved on the crops a "landlord's lien" does not defeat the manifest intent of the parties to create it. The misnomer cannot defeat the intention of the parties. Equity requires no particular words to be used in creating a lien. It looks through the form to the substance of an agreement; and if, from the instrument evidencing the agreement, "the intent appear to give, or to charge, or to pledge, property, real or personal, as a security for an obligation, and the property is so described that the principal things in-

tended to be given or charged can be sufficiently identified, the lien follows." "In the case of *Flagg* v. *Mann*, 2 Sum. 486, Judge Story said if a transaction resolved itself into a security, whatever may be its form, and whatever name the parties may choose to give it, it is in equity a mortgage." *Bell* v. *Pelt*, 51 Ark. 433 ; 3 Pomeroy's Eq. Jur. sec. 1237 ; 2 Devlin on Deeds, sec. 1237.

It is said that the mortgage in favor of Martin & Harton, having been filed before the deed of Mrs. Rice, is entitled to precedence over the reserved lien, as to the crop of 1892. But this contention is not sustained by the decisions of this court.

*2. Mortgagee with notice of reserved lien bound by it.*

In *Talieferro* v. *Barnett*, 37 Ark. 511, Eliza Comer sold and conveyed certain lands to Panley, took notes for the purchase money, and reserved lien on the land, in the deed, for the payment of the notes. Panley sold the same land to Barnett, who had actual notice, before he purchased, of the lien reserved by Comer. This court held that, inasmuch as Barnett derived title from Panley, he had, when he purchased, constructive notice of the lien, and, inasmuch as he also had actual notice of the same, the lien was valid and subsisting, and could be enforced against him.

In *Stephens* v. *Shannon*, 43 Ark. 464, Shannon sold and conveyed certain lands to Winfrey, and reserved a lien on the land. Winfrey afterwards sold and conveyed the land to Ivey, and Ivey sold and conveyed a portion of it to Stephens. The deed of Shannon, which contained the reservation of the lien, was not placed on record, but this court held that "Stephens was affected with notice of all the recitals in the title deeds of his vendor, whether they were of record or not."

According to the opinions of this court in the two cases last cited, the lien reserved in a deed to a purchaser is not affected by the statutes providing for the registration of mortgages, but by the statutes providing

for the acknowledgment and record of deeds, bonds or instruments of writing, affecting the title in law or equity to any property, which are contained in chapter 29 of Sand. & H. Digest. Under them (the opinions) purchasers are affected by liens reserved in the deeds to their grantors, because they are required to take notice of what appears in their chain of title, notwithstanding the deeds are not on record. So they are affected by such liens if they had actual notice of them before purchasing. These results would not follow if the statutes providing for the registration of mortgages governed ; for, under them, a mortgage constitutes no lien against strangers until it is filed with the recorder, even though they may have actual notice of its existence.

Adhering to the previous rulings of this court, we hold that the lien on the crops which was reserved by Mrs. Rice in her deed to Schichtl was superior to, and entitled to precedence over, the mortgage to Martin & Harton, they having had actual notice of it before the execution of the mortgage.

Decree affirmed.

Bunn, C. J., dissented.