## DAVID ESDON v. EVERETT COLBURN.

### Landlord and tenant.

A provision, in a lease of a farm upon shares, that the produce is to be at the con-
trol of the lessor until sold, will enable the lessor to hold the crops raised on the
place, against an attachment of them by a creditor of the lessee, until they are
divided or sold, or all the stipulations on the part of the lessee are performed,
for the security of which the provision was made.

If the rights of the lessee, under such a lease, to a part of the crops deposited in the
barn] upon the farm occupied by him, are sold and transferred to the lessor, upon
a settlement between them, no removal of the property or change in its possession
will be necessary to perfect the lessor's right to it.

TROVER for five tons of hay. Plea, the general issue ; trial by
jury, June Term, 1855,—POLAND, J., presiding.

Upon the trial the following facts were proved. On the 31st
day of March, 1852, William Warden and his wife leased to
Chester Johnson a farm in Newbury, for one year, to carry on at
the halves, the lease being in writing, the principal provision in it
being as follows : " said Johnson is to have said farm and stock by
" the halves, to have one-half of the increase and produce, and bear
" one-half of the loss : said stock and produce at the control of
" said Warden, until sold : said Johnson is to carry on said farm
" in a good workmanlike manner," &c.

At the end of the year it was agreed between them that Johnson
should carry on the farm another year upon the same terms as the
year before. The hay in question was cut on said farm by John-

son, in the summer of 1853, and placed in the barn upon the same farm upon which he lived. On the 24th of November, 1853, Warden and Johnson made a settlement in relation to the products raised on the farm, and, by the terms of the settlement, the hay in question was to be the property of Warden.

Immediately after the said 24th of November, Warden advertised that on the 7th day of December, 1853, he would sell said hay, and some other property, at public auction, on the farm in question. On the morning of the 7th of December, 1853, Clark & Co., creditors of Johnson, prayed out a writ in their favor against said Johnson, which one Peach was duly authorized to serve, who with James White, a member of the firm of Clark & Co., went to the farm where Johnson was still living, and to the barn where the hay was, looked at it, and told Johnson that he attached it.

Shortly after this, Warden, with the plaintiff and others, came there for the purpose of proceeding with the auction sale and, after selling some stock, proceeded to sell the hay. Peach then informed Warden and all others present that he had attached the hay in question, and forbid their selling the same. Warden, however ordered his auctioneer to proceed with the sale, which he did, and the plaintiff bid off the hay in question and gave Warden his note for the amount. Clark & Co. obtained a judgment against Johnson on the 3d of January, 1854, and took out their execution upon which the hay was advertised and sold to the defendant who soon after removed and used it. Upon these facts the county court directed the jury to return a verdict for the defendant, to which the plaintiff excepted.

*A. M. Dickey* and *C. B. Leslie* for the plaintiff.

*J. Potts* for the defendant.

The opinion of the court was delivered by

ISHAM, J. The hay in question was grown, during the year 1853, upon the land occupied by Johnson as lessee, and was deposited in the barn standing upon the leased premises. The plaintiff claims the property under a purchase of it from Warden, the lessor, on the 7th of December in that year. The defendant claims

it under the sale of the property on execution, in favor of Clark & Co., against Johnson. The attachment of Clark & Co. was made on the morning of the day the property was sold to the plaintiff by Warden, and of which the plaintiff had notice at the time of his purchase. The principal question arises, whether the hay was the property of Warden or of Johnson, at the time the attachment was made.

As a general rule, a tenant is regarded as a joint owner of the crops and proceeds of the farm occupied by him, under a lease providing that they are to be equally divided between himself and his landlord. The tenant, in such case, has an interest in the crops which may be taken on execution and sold for the payment of his debts. That rule would give Johnson a right to a portion of this hay, unless his right to it is otherwise affected by some express stipulation of the parties in the lease. In the case of *Smith* v. *Atkins*, 18 Vt. 461, it was held, that a stipulation in a lease that the crops and produce of the land, raised during the term, shall be the property of the lessor, is a legal and valid provision, and that it will enable the lessor to hold the crops against the creditors of the lessee. The general doctrine was held, that a lessor, under such a provision in a lease, may have a general property in the products of the land though they are thereafter to be grown. The lessor may be accountable to the lessee for the value of one-half of the produce, but the lessee has no legal title or interest in the crops ; he does not stand as a joint owner with the lessor. If such an agreement is valid when made to secure the payment of rent, it should be regarded as equally valid when it is made to secure the performance of other covenants in the lease. In this case, the lease provides that Johnson is to have one-half of the increase and produce arising from the use of the farm and property leased, and that the stock and produce is to be at the control of said Warden until sold. This provision, though not so full in its language as in the case of *Smith* v. *Atkins*, is free from any reasonable doubt as to the intention of the parties. Their object manifestly was to cut off the joint ownership of the crops and produce of the land, and vest the entire control and ownership over it in Warden. That provision could have been inserted for no object but to secure the performance of the other covenants in the lease by the lessee, and for the purpose of

protecting the property from any improvident use or sale of it, and also to prevent its being taken from the premises by the creditors of the lessee, before the claims of the lessor were satisfied. In that view of the case, Johnson had no interest in the hay or other crops, while growing upon the land, nor after they were harvested. His right, under the lease, was only to his share of the money, after it had been sold. Johnson had, therefore, no attachable interest in the hay ; no lien was acquired upon it by the attachment of Clark & Co., and no title passed to the defendant by its sale on their execution. That doctrine was the principal ground on which the case of *Smith* v. *Atkins* was decided, and we think it must determine the result of this case.

The settlement between Warden and Johnson, on the 24th of November, and before the attachment of this hay by Clark & Co., is satisfactory, not only as to the right of the plaintiff to this property, but also in showing what was the understanding of the parties in relation to it. There is no pretence but that the settlement was just, as between Warden and Johnson ; nor have any suggestions been made that the arrangement was effected to defraud the creditors of Johnson. The substance and effect of that arrangement was an appropriation of a portion of the products of the land, in satisfaction of the claim which Johnson would have had for the money, on the sale of the property by Warden ; in other words, Johnson took a certain quantity of the produce of the land, instead of waiting for the money on a sale of the property. Johnson had no interest in the hay, nor in the money that should be realized on its sale, after the 24th of November. There was no need, therefore, of a removal of the property, or any change in its possession, as Johnson never owned the hay, nor did Warden stand as a purchaser of it. The title of Warden to the hay was perfect under the lease, and all claim on the part of Johnson to any of the proceeds arising from its sale, was cut off by the settlement or arrangement made between them on the 24th of November in that year. The plaintiff, we think, acquired a valid title to this hay, under the sale of it to him by Warden, and is entitled to recover its value from the defendant, for taking and converting it to his own use.

The judgment must be reversed and the case remanded.