HIRAM BELLOWS *v.* ELIAS H. WELLS.

*Lease. Growing Crops. Sale. Change of Possession.*

Where a lessee conveyed to the lessor, by an instrument executed with all the solemnities and formalities of the lease itself, all the crops that may be grown upon the land during the lease, to be held by him, as his property, until the rents shall be paid, it is *held*, that the parties are placed in just the same condition as though the lease had contained such a reservation of the crops.

As between the parties, whatever the lessor might have retained to himself by a reservation, the lessee may re-convey to him, if the rights of third parties are not affected thereby.

A sale of growing crops, that require annual planting or sowing and cultivation, will be valid without a change of possession not only between the parties but as to third persons.

TROVER for a quantity of hay, straw, corn and oats. Plea, the general issue and trial by jury, September Term, 1863. ALDIS, J., presiding.

On the trial it appeared that the plaintiff, on the 13th day of March, A. D. 1860, leased his farm in Fairfax to one Fayette A. Darwin, for the annual rent of $240., conditioned that the plaintiff should have the right to re-enter at the end of the year if the lessee failed to pay the rent; that on the 18th day of June, 1861, the rent for the previous year being unpaid, Darwin conveyed to the plaintiff, by an instrument executed with all the solemnities and formalities of a deed of real estate, all the crops that may be grown upon the land during the lease, to be held by him, as his property, until the rents shall be paid; this instrument was recorded in the land records of Fairfax, June 25th, 1861. And it appeared that the only claim of the plaintiff to the articles sued for in this action, was by virtue of this instrument. It was also proved that Darwin cut and harvested the said articles, and secured them in the barns on the farm, and that the plaintiff never took actual possession of the property, but left it where it had been placed by Darwin; that three executions against Darwin were levied on these articles while thus in Darwin's possession, and the same were sold on said executions to the defendant. It also appeared that previous to the levy of said executions, Darwin had fed some portion of the hay raised on the farm that year to his own cattle.

Upon these facts the defendant requested the court to charge the jury that the plaintiff did not acquire any right to the property sued for, by virtue of said instrument, which subsequent attaching creditors were bound to notice, and that they should accordingly render a verdict for the defendant. The court refused to charge as requested, but charged, among other things, that the plaintiff acquired a good title to the things sued for by

virtue of said instrument against attaching creditors, and that no delivery by Darwin and occupation by the plaintiff after severance were necessary to perfect the title of the plaintiff against Darwin's creditors, and that no change of possession was necessary to render the plaintiff's title to said property good as against Darwin's creditors. To this charge, and the refusal to charge as requested, the defendant excepted. Verdict for the plaintiff.

*Dewey & Noble*, for the defendant, claimed that there must be a delivery to the vendee in a sale of growing crops in order to make the title good against the creditors of the vendor, and cited *Brainard* v. *Burton et al.*, 5 Vt. 97 ; *Smith* v. *Atkins*, 18 Vt. 461 ; *Bonsey* v. *Arnee*, 8 Pick. 236 ; *Butterfield* v. *Baker*, 5 *ib.* 522 ; *Davis* v. *Leyman*, 22 *ib.* 437.

*H. R. Beardsley* and *E. A. Sowles*, for the plaintiff.

POLAND, CH. J. We are disposed to place our decision of this case upon much narrower grounds than those upon which the case has been argued.

It has been repeatedly decided in this state, that the lessor of land may stipulate in the lease that the crops grown on the premises by the lessee shall remain the property of the lessor until the rent shall be paid, and that such provision is valid, not only between the parties, but as to third persons also, *Smith* v. *Atkins*, 18 Vt. 461 ; *Briggs* v. *Oaks*, 26 Vt. 138 ; *Gray* v. *Stevers et al.*, 28 Vt. 1. The same principle is held in *Lewis* v. *Lyman*, 22 Pick, 437.

The lease from the plaintiff to Darwin contained no such reservation, but it did contain a clause giving the plaintiff a right to re-enter at the end of the year, if the lessee failed to pay the rent.

The year expired, the rent was not paid, and the plaintiff had the right to re-enter for non-payment.

In this state of things the lessee, by an instrument executed with all the solemnities and formalities of the lease itself, conveys to the plaintiff all the crops which may be grown upon the land during the lease, to be held by him as his property until the

39

rents shall be paid. In our judgment, this instrument placed the parties in just the same *condition* as if the old lease had been surrendered, and a new one executed, containing just such a reservation of the crops. If this be not so, it must be on the ground that one may reserve something out of a conveyance, to himself, which if he omits to do, the other party cannot re-convey to him, which seems to us wholly absurd. It amounts to this, that a man may receive a conveyance of a thing which he cannot re-convey.

The reasoning upon which our decisions go is, that the owner of the land being also the owner of the fruits or products of it, in parting with the use of it to another, may make such conditions and reservations in relation to the land itself, or the products grown from it, as he chooses, instead of parting with the full right. The principle is the same as that upon which conditional sales of personal property are upheld.

As between the parties, it seems clear that what the lessor might have retained to himself by a reservation, the other party may re-convey to him, if the rights of third persons are not affected by it.

It is not claimed in this case that they were, except that as to the crops then growing, which require annual planting or sowing and cultivation, the defendant alleges that they come within the rule requiring a change of possession of personal property, in order to make a sale valid against creditors.

In other words, it is claimed that a growing crop of that character, in any stage of its growth, is a personal chattel, which may be sold by parol, and without writing, and that if a vendor of such crop remains in possession till the crop is grown and harvested, it is liable to be attached by his creditors. We have no occasion now to enter into the interminable discussions, and nice subtleties and refinements, that have arisen upon this subject, further than to say, that to hold that a crop of that character, in its infancy, before it has acquired the form of property at all; which is yet to be produced by and from the earth itself, and which must remain in and connected with it for months, for sustenance and production, is an existing chattel, subject to present

sale as such, seems quite unreasonable. But however legal scholiasts may have determined this, it is clear that it does not come within the rule as to requiring a change of possession of personal property, in order to render a sale valid as to creditors. That rule proceeds on the ground that permitting the former owner to remain in the use and apparent ownership of the property as before, gives him a false credit, and creditors may be embarrassed and injured by it.

But the reason of the rule cannot apply to property which at the time of the sale is not subject to attachment, and has no real existence as property at all.

Let us test the principle. Suppose the owner of a farm, after the crops are planted in the spring, conveys the farm to another for a full consideration, and the deed is recorded.

It will not be claimed but that the conveyance carries to the grantee the full title to the growing crops in the ground. Suppose further, that the grantor remains in possession of the farm, as the agent or servant of the grantee, and cultivates and harvests the crops ; are they liable to attachment for want of a change of possession?

It has uniformly been held that in such circumstances the crops were no more liable to attachment by the creditors of the grantor than the land itself.

Judgment affirmed.