Cooper *v.* Cole et al.

---

JESSE COOPER *v.* WILLIAM B. COLE AND AMORY PARKER.[*]

*Mortgage. Lease. Assignment.*

Until entry or foreclosure by the mortgagee, the mortgagor is, so far as the interest of all strangers or third persons, who may be connected with or interested in the mortgaged estate, may be effected, to be treated as remaining the owner of the estate, while the mortgagee is regarded as having only a mere lien or security.

The plaintiff took an assignment of a mortgagee's interest in a decree of foreclosure before the expiration of the time of redemption, at the request of H., the mortgagor, and for the purpose of giving him further time to pay the amount due on the mortgage debt. *Held,* that the purchase opened the decree, and the

[*] This case was argued at the August Term, 1864, and re-argued at the August Term, 1865.

rights of H. as mortgagor (who remained in possession) were left in the same state in which they were before the decree was made; the effect of the assignment being merely to place the plaintiff in the assignor's position as mortgagee.

*Held*, also, that the plaintiff could not, by a reservation of the crops for the rent in a lease of the premises to H., create a lien thereon while H. or his grantee was in possession, so as to maintain an action against their attaching creditors for a conversion of the crops.

In order for a lessor to create a lien on the crops to be grown on leased premises, he must be the absolute owner of the premises.

TRESPASS for oats, grass seed, hay and stubble, with a count in trover for the same property. Plea, the general issue, with notice that the property was taken by Parker as deputy sheriff on process in favor of Cole, as the property of Selden Gray. Trial by jury, June Term, 1863, POLAND, Ch. J., presiding. The taking of the property was admitted by the defendants, and the plaintiff conceded that it was taken on process against Gray, and that all the proceedings were regular and legal, provided the property was subject to attachment by the creditors of Gray as against the plaintiff. The plaintiff read in evidence a lease from himself to James Humphrey of certain premises, dated March 1st, 1860, by which lease the said Humphrey agreed to pay a yearly rent of two hundred dollars, and all the crops grown on the premises were to be the property of Cooper, till said rent was paid. It is conceded that the property sued for in this action was a portion of the crops raised on a part of the leased premises in the season of 1860, by said Selden Gray and Nathan Allen, who carried on a part of said premises that year, under a conveyance from Humphrey; and it was also conceded that said sum of two hundred dollars had not been fully paid to said Cooper. The defendant read in evidence a certified copy of a deed from James Humphrey, dated March 1st, 1860, of a portion of the premises leased by Cooper to Humphrey, which contained a provision that said Gray and Allen were to pay to Cooper $108 of the rent reserved in the lease. It was conceded that the lease to Humphrey and the deed from Humphrey to Gray and Allen were executed at the same time at Mr. Cooper's office, all the said parties being present, and the lease was witnessed by Gray and Allen. All said papers were drawn by Mr. Cooper or by some one in his office. There was no evidence of any assent by Cooper to release the crops grown on that part of the

premises deeded by Humphrey to Gray and Allen, on their paying him $108 towards the rent, unless it is to be inferred from facts before stated in reference to the execution of the papers. The plaintiff read in evidence the deposition of Mr. Cooper, and the defendants read in evidence the testimony of Mr. Cooper in a chancery suit in favor of Daniel Webster against Cooper & Humphrey to show the real relation between Cooper and Humphrey as to said premises, and both are made part of the case. Further facts are set forth in the opinion.

The court directed the jury to return a verdict for the plaintiff for the property taken by the defendants,—to which the defendants excepted.

*J. L. Edwards* and *J. E. Dickerman*, for the defendants.

Three questions are raised in this case. 1st, Whether the transaction between the plaintiff and Humphrey constituted a mortgage, and if so, 2d, Whether the mortgagee can create a lien upon the crops to be grown upon the premises while the mortgagor or his assignee is in possession so as to maintain this action against attaching creditors. 3d, If such a lien can be created by the mortgagee, whether it was not discharged as against Allen and Gray and their assignees or creditors by the subsequent conduct of the plaintiff. 1st. The plaintiff held the premises on which the crops in question were grown as a trust estate—as a pledge for the security of the money advanced by him, or as an estate upon a condition, defeasible upon the performance of the condition according to its legal effect, and *this* constitutes the transaction a mortgage. 1 Hill on Mort. p. 2, § 2; *Hyndman* v. *Hyndman,* 19 Vt. 9; *Davis* v. *Hemenway,* 27 Vt. 590; *Graham* v. *Stevens,* 34 Vt. 166. And this must be so held as well at law as in equity. *Graham* v. *Stevens,* above cited; *Nugent* v. *Riley,* 1 Met. 117; *Taylor* v. *Weld et al.,* 5 Mass. 109; *Carey* v. *Rawson,* 8 Mass. 159; *Scott et al.* v. *McFarland,* 13 Mass. 309; *Erskine* v. *Townshend,* 2 Mass. 493.

2d. The plaintiff acquires no right to the property sued for by virtue merely of his being mortgagee of the premises. The mortgagor was rightfully in possession, and so as to his assignees. See C. S. ch. 38, § 12; *Wright & Ainsworth* v. *Lake,* 30 Vt. 206. The mortgagee has no title to the rents and profits until he enters. *Boston*

*Bank* v. *Reed*, 8 Pick. 459, and authorities there cited; *Hooper* v. *Wilson*, 12 Vt. 695.

3d. Cooper, under the circumstances of this case, is estopped from asserting a claim beyond the amount that Allen and Gray were to pay yearly to Cooper viz: $108, as against Allen and Gray, who had no knowledge of the lien. *Stafford* v. *Ballou et al.*, 17 Vt. 329; *McDaniels* v. *Lapham et al.*, 21 Vt. 222; 1 Hill on Mort., p. 577–8, § 12, and p. 584, § 19; 2 Sugden on Vendors, p. 1022, § 30.

C. I. *Vail* and T. P. *Redfield*, for the plaintiff, cited *Smith* v. *Atkins*, 18 Vt. 465; *Leland* v. *Sprague*, 28 Vt. 746; *Gray* v. *Stevens et al.*, 28 Vt. 1; *Paris* v. *Vail*, 18 Vt. 277; *Baxter* v. *Bush*, 29 Vt. 465.

The opinion of the court was delivered by

KELLOGG, J. The question in this case is whether the lien reserved to the plaintiff in the lease executed by him to Humphrey on the crops to be grown upon the demised premises was effectual as against an attaching creditor of an assignee of Humphrey; and the decision of this question depends mainly on the character of the actual relation in respect to the premises which existed between the plaintiff and Humphrey at the time when the lease was executed. The facts which determine the character of that relation are undisputed.

Humphrey was the owner of the premises, and had executed a mortgage of the same to one Jesse Alden. The equity of redemption on this mortgage was foreclosed by a decree of the court of chancery in favor of Alden against Humphrey. In December, 1859, a short time before the expiration of the time of redemption under this decree, the plaintiff purchased the interest of Alden in the decree, and took an assignment of it. This purchase was made at the request of Humphrey, and for the purpose of giving him further time to pay the amount then due on the mortgage debt. In the testimony of the plaintiff, taken in the chancery suit in favor of Webster against him and Humphrey, he says that he "never wanted to purchase the property absolutely, and never talked or thought of having it only *as security*." As a part of the arrangement between the plaintiff and Humphrey, which resulted in the purchase of this decree, Humphrey purchased of the plaintiff two horses, and conveyed

to him another farm, and the plaintiff agreed to lease to Humphrey the farm thus conveyed, together with the premises incumbered by the Alden mortgage, at a stipulated rent of two hundred dollars per year, to hold "so long as wood grows and water runs," with a condition that the plaintiff should, on the payment to him of the sum of two thousand dollars, convey the whole of the property embraced in the lease by a quit-claim deed to Humphrey. This sum of two thousand dollars is stated by the plaintiff in his testimony, above referred to, to be a gross sum made up of the amount paid by him on the purchase of the Alden mortgage and decree and the amount of the indebtedness of Humphrey to him on other liabilities at the date of the lease. The lease was subsequently executed, and bears date on the 1st of March, 1860. It contains other provisions in addition to those which have been mentioned, but they have no bearing in determining the character of the relation between the plaintiff and Humphrey in respect to the premises included in the Alden mortgage. At the same time when the plaintiff executed this lease to Humphrey, a warranty deed was executed by Humphrey conveying the premises included in the Alden mortgage to Nathan Allen and Selden Gray, describing the same as subject to an annual rent to the plaintiff, and providing that if Allen and Gray failed to pay to the plaintiff six promissory notes of the same date, each for the sum of three hundred dollars, "and to pay such portion of the said rent as the interest on said notes will pay, according to the tenor of said notes, then the deed should be void, but otherwise in force." The deed and lease both bear the same date, and were both executed in the office of the plaintiff at the same time. The crops which are the subject of this suit were attached by the defendant Parker as deputy sheriff on a writ of attachment in favor of the defendant Cole against Gray on the 21st of November, 1860, and were sold under that attachment in January, 1861, and this suit was commenced on the 1st of October, 1861.

We think that the Alden mortgage cannot be considered as having been effectually foreclosed against Humphrey. The money due upon it was advanced by the plaintiff at Humphrey's request, and for the conceded purpose, as admitted by the plaintiff, of giving Humphrey further time of payment than was allowed by the decree of foreclos-

ure. The foreclosure never became perfected, because the right of Alden under his mortgage and decree was purchased by the plaintiff for Humphrey, and this purchase opened the decree, and the rights of Humphrey as mortgagor were left in the same state in which they were before the decree was made; or, in other words, he was in the same position in which he would have stood if there never had been any decree. By the assignment of the decree, the plaintiff acquired no other estate or interest in the mortgaged premises than that which Alden had as mortgagee, and the effect of the assignment was merely to place the plaintiff in Alden's position as mortgagee. Humphrey was then in possession, and continued in possession until the execution of the lease; and the plaintiff, in succeeding to the right of Alden as mortgagee, did not become the absolute owner of the premises, but took the assignment of Alden's estate or interest subject to Humphrey's right of redemption. Until foreclosure, the mortgage to Alden would continue to be a lien or charge subject to which the estate was to be dealt with as the estate of the mortgagor. The plaintiff, as the successor of Alden in his right as mortgagee, acquired no other right to the premises than the right of a mortgagee, and as the mortgagor continued in possession, the plaintiff could not be considered as the absolute owner of the premises until the estate of Humphrey was foreclosed or surrendered. Until entry or foreclosure by the mortgagee, the mortgagor is, so far as the interest of all strangers or third persons, who may be connected with or interested in the mortgaged estate, may be affected, to be treated as remaining the owner of the estate, while the mortgagee is regarded as having only a mere lien or security. 1 Hilliard on mortgages, (2d edition,) p. 135–6; 4 Kent's Com. 160; *Hooper* v. *Wilson,* 12 Vt. 695; *The King* v. *St. Michaels,* 1 Doug. 632. By what instrument was this estate of Humphrey in the mortgaged premises transferred to the plaintiff? It was not transferred by the assignment of the Alden mortgage and decree, because that was applicable only to a transfer of the interest and estate of Alden; and, although, as between Humphrey and the plaintiff, the lease executed by the plaintiff to Humphrey might be considered, when accepted by Humphrey as virtually equivalent to a surrender of his possession, and as a contract regulating and controlling their respective rights in the premises, yet this instrument, which

in *form* is a conveyance from the plaintiff to Humphrey, cannot be considered in *substance* a conveyance transferring to the plaintiff Humphrey's estate under the mortgage as against Humphrey's creditors. As to them, Humphrey's relation to the premises should be considered as remaining unaffected by reason of his accepting a lease of the premises from the plaintiff, if his possession indicated no change in that relation, and there was no transfer in form of his right as mortgagor. As Allen and Gray were the grantees of Humphrey, they would be entitled to stand upon his right as a mortgagor in possession, and the creditors of either would, as long as they continued in possession, have a right to treat the crops raised on the premises as their property. The lease from the plaintiff to Humphrey is entitled to no greater effect than would be given to any contract made by them in writing under seal and embodying the same stipulations ; and it is clear that a mere contract for the surrender of Humphrey's estate in the premises would have no effect as against his creditors or grantees so long as he continued in possession. Even as against Humphrey, it would have no greater effect than would be given to any contract which he might make containing the same stipulations.

It has been repeatedly decided in this state that the lessor of land may stipulate in the lease that the crops grown on the premises by the lessee shall remain the property of the lessor until the rent shall be paid, and that such a provision is valid not only between the parties but as to third persons also. *Smith* v. *Atkins*, 18 Vt. 461 ; *Paris* v. *Vail*, 18 Vt. 277 ; *Briggs* v. *Oaks*, 26 Vt. 138 ; *Gray* v. *Stevens et al.*, 28 Vt. 1 ; *Edson* v. *Colburn*, 28 Vt. 631 ; *Leland* v. *Sprague*, 28 Vt. 746 ; *Baxter* v. *Bush*, 29 Vt. 465 ; *Bellows* v. *Wells*, 36 Vt. 599. But these decisions all proceed upon the ground that the lessor is the absolute owner of the premises leased ; and, in this essential feature, this case is distinguishable from the cases in which this right of the lessor has been recognized. We think that, in this case, the real character of the relation between the plaintiff and Humphrey in respect to the premises conveyed by the Alden mortgage must be treated as being that of mortgagee and mortgagor, so far as the rights of third persons are concerned, and that any contract between them that this relation should be changed or varied would be inop-

erative as to third persons unless it was duly executed as a convey-
ance.   The plaintiff as a mortgagee could not create any additional
lien or charge on the mortgaged premises by any instrument what-
ever; and although it might have been competent for Humphrey, by
any proper instrument, to enlarge the security of the mortgagee, yet
this could not be done by any person but Humphrey or one standing
in his right as the owner of the premises.  We regard what was
done by the plaintiff and Humphrey in respect to the lease as pre-
senting simply the case of an agreement between a mortgagee and
mortgagor, after the expiration of the law-day, for the continuance
of the mortgagor in possession on certain terms, and as not at all af-
fecting the real character of the relation between them.   It follows
from this view of the subject that no lien was acquired by the plain-
tiff under the lease on the crops raised on the premises included in
the Alden mortgage which could be asserted against the creditors or
grantees of Humphrey; and that the grantees of Humphrey or any
persons claiming in their right are entitled to all the rights in the
mortgaged premises which he was entitled to claim under that mort-
gage.   This conclusion renders it unnecessary to consider the ques-
tion whether the plaintiff should not, so far as Allen and Gray and
those claiming in their right are concerned, be treated as having re-
linquished his lien on the crops grown on the demised premises for
the payment of the rent due to him, excepting enough to secure the
payment of such part of that rent as was to be paid by Allen and
Gray according to the provisions of the deed executed to them by
Humphrey.

Judgment of the county court for the plaintiff reversed, and a
new trial granted.