## M. H. DICKERMAN *v.* ABEL RAY.

*Contract to sell land.   Trover.   Standing Timber.   Conditional Sales.*

By written contract P. agreed to sell a piece of land to H., and convey when the purchase money was paid. The standing timber was to remain P.'s as security. H., without paying, cut and sold a part of the timber to J., and P. gave notice of his ownership ; thereupon, J. bought P.'s interest in the land and timber, prior to any attachment. Before J 's deed was recorded, the lumber, not having been delivered, was attached by the creditors of H. *Held,*

1. That J. was the owner of the land, and by legal sequence the lumber ; and that he could follow it and assert his domini n over it.

2. The statute in regard to conditional sales has no application to the case. It is not material that the deed should have been ever recorded.

TROVER for five hundred saw logs. Plea, general issue. Trial by court, March Term, 1882, VEAZEY, J., presiding.

Judgment for the defendant. The action is founded upon a receipt given by the defendant to the plaintiff for said logs as property attached by the plaintiff as sheriff upon a writ in favor of one Puffer against one B. J. Hall. The logs were drawn to and used by Johnson and Parmenter after the attachment, and thereby the defendant was unable to deliver them up on demand. The question was whether the logs were attachable by said Hall's creditors. The condition in the writing was:

The condition of this obligation is such that if the said Benj. J. Hall shall pay or cause to be paid one certain note bearing date October 2, 1879, signed by said Benj. J. Hall, and payable to Ethan Priest or bearer, fifty dollars of said note to be paid May 1, 1880, with interest, the balance to be paid May 1, 1881, with interest annually, according to the true intent and meaning of said note. The wood and lumber on said premises to remain the property of said Priest until said note is paid in full. And when said note is paid I am to give a good and valid deed of the following described premises, being the land deeded to me by John D. Buswell, containing thirty acres, more or less. Now if the said note is paid or offered to be paid I am to give said deed, but if said note is not paid or offered to be paid, then this obligation is to become void and of no effect.

The other facts are stated in the opinion.

*J. C. Baker*, for plaintiff.

So far as this contract contemplated a sale of the standing trees to be severed from the soil, it was a contract for the sale of personal property, and the logs when cut and piled became the property of Hall, subject to the legal effect of the condition in the bond. *Claflin* v. *Carpenter*, 4 Met. 580 ; *Nedleton* v. *Sikes*, 8 Met. 34; *Nelson* v. *Nelson*, 6 Gray, 385 ; *Douglass* v. *Shumway*, 13 Gray, 498 ; *Yale* v. *Seeley*, 15 Vt. 221.

Priest then must rely upon the condition of his sale for all the security he has upon the logs. This bond, which is the only writing referring to them, was not sealed or recorded, and was not signed by Hall. A lien reserved on personal property by

statute must be evidenced by a memorandum signed by the purchaser and recorded.

*Walker & Goddard*, for defendant.

The contract was valid. It was not a conditional sale of personal property. *Paris* v. *Vail*, 18 Vt. 277; *Smith* v. *Atkins*, 18 Vt. 461; *Briggs* v. *Oaks*, 26 Vt. 138; *Gray* v. *Stevens*, 28 Vt. 1; *Edson* v. *Colburn*, 28 Vt. 631; *Bellows* v. *West*, 36 Vt. 599; *Cooper* v. *Cole*, 38 Vt. 191.

The opinion of the court was delivered by

REDFIELD, J. By the written contract between Priest and Hall, Priest agreed to sell and convey to Hall the land in question, when Hall should pay the purchase money, as stipulated in Hall's note to Priest. The contract expressly provides that the standing timber should remain the property of Priest until the stipulated price should be paid. Hall never paid for the land. Hall cut and sold some of the standing timber, and negotiated a sale of some part to Johnson and Parmenter; but Priest gave notice to the said purchasers that he was the owner of said lumber. In this condition of things, Johnson and Parmenter bought Priest's right and interest in the land, and lumber cut therefrom by Hall, on the 17th of December, 1879, but their deed of the land was not recorded until the 17th of January, 1880; on the latter day, and before the deed was recorded, the lumber was attached as the property of Hall.

I. The standing timber was part of the realty, and was the property of Priest, and when severed from the freehold and become a chattel it remained the property of Priest. It was once made a question whether the reservation in a lease of the annual crops until the accruing rents had been paid, while the lessee remained in possession, as the ostensible owner, could avail, as against an attachment by the creditor of the lessee. But our courts, at an early day, sanctioned such contracts, as in the interest of poor tenants, and would not allow the crops to be snatched the moment the sickle had severed the corn, or the potatoe had

Dickerman *v.* Ray.

become loosened from its bed, and the owner of the soil left unre-quited. And it has been uniformly held by this court, that such contracts, if *bona fide*, should be upheld and made available, according to the true intent of the parties. *Paris* v. *Vail*, 18 Vt. 277; *Smith* v. *Atkins*, 18 Vt. 461; *Briggs* v. *Oaks*, 26 Vt. 138; *Edson* v. *Colburn*, 28 Vt. 631; *Bellows* v. *Wells*, 36 Vt. 599; *Cooper* v. *Cole*, 38 Vt. 191.

But this case seems unmixed with any doubtful ingredient. Priest was the owner of the land, and, by legal sequence, the owner of the lumber, when severed from the realty, and like every owner, whatever form the property as a chattel might assume, he could follow it and assert his title and dominion over it.

II. The statute in regard to liens and conditional sales of chattels has no application to this case. It is enough to say that as a chattel Hall never owned it; the title was in Priest absolutely. Johnson and Parmenter, on the 17th of December, 1879, by purchase from Priest, became the owners of this lumber long before the attachment. And it is not material, in this case, that their deed of the land should have been ever recorded, for they purchased the property as a chattel and became invested, as we have seen, with the full legal title.

Judgment affirmed.