## WILLIAM BATCHELDER v. GEO. W. JENNESS.

*Conditional Sale. Growing Crops. Attachment. Trespass. Trover Deed. Reservation.*

1. A reservation in a deed of real estate of crops to be grown thereon as security for the purchase money of the land, is not a conditional sale within the meaning of the statute. R. L. s. 1992.

2. The assignee of a note, without any conveyance to him of the security, except such as the sale of the note effected, cannot maintain an action at law in his own name for the conversion of the security.

TRESPASS and trover for crops. Heard on a referee's report, September Term, 1885, Washington County, POWERS, J., presiding. Judgment *pro forma* for the plaintiff.

It appeared from the report, that in October, 1877, Luceba

Bagley was the owner of a farm in Albany, in this State, on which was an outstanding mortgage to one Anderson; that in said October said Luceba, with her husband, Gideon Bagley, deeded the farm to Myron Dunn, Dunn assuming the Anderson mortgage; that the Bagleys in their deed, retained a lien on the growing crops as follows: "And the crops raised on the farm are to be, and remain, the property of said Luceba Bagley until six notes are paid. * * * The crops only holden for the notes that become due the year the crops are raised"; that the notes were given for the purchase money of the farm, one note payable each year after the first year; and that the plaintiff bought of the said Luceba the note which matured in 1880. It further appeared that said Dunn went into possession of the farm, and raised on it the crops in question in the season of 1880; and that the defendant, as sheriff, attached the crops on a writ in favor of said Anderson against said Dunn; but the suit was brought upon an indebtedness other than said mortgage debt due to Anderson. The plaintiff claimed to hold the crops under the lien reserved in said deed, and brought this suit for their conversion.

*Grout & Miles*, for the defendant.

The lien upon the crops reserved in the deed from the Bagleys was not such a "written memorandum," etc., as is required by the statute. R. L. s. 1992. If the statute had been complied with as to the lien, the plaintiff cannot maintain this suit in his own name, because there was no assignment to him of the property sold to him conditionally, and no endorsement of the note. *Crain* v. *Paine*, 4 Cush. 483; *French* v. *Haskins*, 9 Gray, 195.

*E. W. Bisbee*, for the plaintiff.

This action is trespass and trover for hay, etc., and is predicated upon the lien. The said Luceba could convey the land and reserve the crops to be raised thereon though then unplanted. And in such case there was no need of change of

possession in order to protect the crops from attachment by Dunn's creditors. *Walworth* v. *Jenness*, 58 Vt. 670; *Dicker-man* v. *Ray*, 55 Vt. 65; *Hamblet* v. *Bliss*, Ib, 535; *Leavitt* v. *Jones*, 54 Vt. 425; *Fitch* v. *Burk*, 38 Vt. 683; *Bellows v. Wells*, 36 Vt. 599; *Gray* v. *Stevens*, 28 Vt. 1; *Briggs* v. *Oaks*, 26 Vt. 138; *Lewis* v. *Lyman*, 22 Pick. 437; *Petch* v. *Tutin*, 15 M. & W. 113; 2 Add. Con. s. 656; Jones Chat. Mort. s. 140. The plaintiff has the same lien upon the crops that said Luceba had, as he was a *bona fide* holder of the note. *Smith* v. *Atkins*, 18 Vt. 461.

The opinion of the court was delivered by

Ross, J. I. The contention that the reservation of the crops to be grown upon the premises, to Luceba Bagley, until the note now owned by the plaintiff is paid, made in the deed from Gideon and Luceba Bagley to Myron Dunn, was a conditional sale of such crops by Luceba to Myron Dunn, and required by section 1992 R. L., to be evidenced by a written memorandum signed by Dunn, and recorded in the town clerk's office, cannot be sustained. At the time of the conveyance the crops had only a potential existence in the soil of the premises, and were reserved from the operation of the conveyance to Luceba. Myron Dunn acquired no right to them except upon the payment of the note now owned by the plaintiff. His right to the crops was contingent upon payment of the note. Payment of the note was a condition precedent to any right to the crops in contention attaching to or inhering in Myron Dunn. The recent cases of *Walworth* v. *Jenness*, 58 Vt. 670, and *Dickerman* v. *Ray*, 55 Vt. 65, are full authority against this contention.

II. The defendant further contends that the plaintiff, by the purchase of the note, which was to be paid before the crops became the property of Myron Dunn, acquired no legal title to the crops, and for that reason he cannot maintain an action of trespass or trover for the taking and sale of the crops by the defendant, as an officer, on legal process against Myron Dunn.

Batchelder v. Jenness.

The plaintiff never had possession of the crops, nor any right thereto except that given by his ownership of the note, until the payment of which the legal title to the crops vested, by the reservation in the deed, in Luceba Bagley. She never made any conveyance or assignment of the crops in contention, other than such as the sale of the note to the plaintiff effected. By the purchase of the note the plaintiff acquired an equitable right in the crops held for its payment. This equitable right he acquired against both Luceba Bagley and Myron Dunn. But it was only an equitable right that he thus acquired. The legal title to the crops was still vested in Luceba Bagley, the same as before she sold the note. After the sale she held such legal title for the benefit of the plaintiff. The plaintiff could become vested with the legal title to the crops only by a conveyance from Luceba Bagley. Without acquiring the legal title to the crops he cannot maintain this action at law for their conversion. This is held in *Crain* v. *Paine*, 4 Cush. 483, and *French* v. *Haskins*, 9 Gray, 195. The plaintiff's right to the crops is analogous to the right of the purchaser of a debt secured by mortgage, without an assignment of the mortgage. The security, whether it consists of real or personal property, equitably follows the debt secured, and the purchaser of the debt may avail himself of it in equity without an assignment thereof, except that acquired by the purchase of the debt. He can avail himself of it in equity, because in that forum the party in interest can and must sue without regard to the holder of the naked legal title. But at law it is otherwise. The purchaser of the debt, after condition broken, cannot maintain a suit at law in ejectment for the recovery of the possession of the land without having a regular assignment of the mortgage to him. But he can maintain a suit in equity to foreclose the mortgage. The principle is no different when the security for the payment of the debt is personal rather than real property.

*Smith* v. *Atkins*, 18 Vt. 461, relied on by the plaintiff's counsel as an authority that the plaintiff can maintain this action in his own name is not in conflict with the doctrine announced,

and does not support the plaintiff's contention. That case only holds that the assignee of the debt, if he obtains possession of the personal property securing it, can justify such. possession as the agent of the assignor in whom the legal title to the personal property is, when assailed by an officer, who has attached the property on a debt against the person who would acquire title to the property by the payment of the debt. On the facts found by the referee, the plaintiff has not the legal title to the property in contention, and for that reason cannot maintain this action therefor in his own name.

The judgment of the County Court is reversed, and judgment rendered on the report of the referee for the defendant to recover his costs.