## HENRY McCOLE *v.* L. R. VARNUM.

*Agreement to convey real estate. Title to crops. Attaching creditors.*

1. Where the purchaser of a farm goes into possession under contract with the owner that certain specified payments shall be made, and that until so made all the products of the farm shall be the property of the owner, who may at any time take possession of the same upon breach of the conditions of the contract, the making of the payments is a condition precedent to the acquiring of any title to such products by the purchaser.

2. If upon breach of the conditions the owner actually takes possession of the farm and products, the same are not attachable upon the debts of the purchaser, although he is still temporarily living upon the farm.

Replevin for a quantity of hay, oats and barley. Heard upon the report of a referee at the December term, 1890, Caledonia county, Tyler, J., presiding. Judgment *pro forma* for the defendant. The plaintiff excepts.

The opinion states the facts.

*Bates & May*, for the plaintiff.

The plaintiff's possession of the real estate carried with it the possession of the personal property. *Flannagan* v. *Wood*, 33 Vt. 343.

The referee has found that the plaintiff had actual possession of the farm and crops before the attachment by the defendant, and that finding is conclusive. Prof. Jury Trial, s. 289; *Beverly* v. *Burke*, 9 Ga. 440; S. C..54 Am. Dec. 351;. *Kidder* v. *Kennedy*, 43 Vt. 713; *Sessions* v. *Newport*, 23 Vt. 9.

Under the contract the crops raised upon the farm belonged to the plaintiff. *Buswell* v. *Marshall*, 51 Vt. 87; *Walworth* v. *Jenness*, 58 Vt. 670.

*J. P. Lamson*, for the defendant.

The contract was no more than a mortgage, the plaintiff being the mortgagee. The title to crops grown is in the mortgagor so long as he remains in possession. *Cooper* v. *Cole*, 38 Vt. 185; *Leland* v. *Sprague*, 28 Vt. 746; *Walker* v. *King*, 44 Vt. 601; S. C. 45 Vt. 525.

The opinion of the court was delivered by

TYLER, J. It appears by the referee's report that on the 27th day of September, 1881, W. H. Lynds was, by the Court of Insolvency for Caledonia County, adjudged an insolvent, and that all his estate, including the farm on which he and his wife resided, was, on the same day, duly conveyed to the assignee in insolvency. On November 16th of that year, the assignee, by a quit-claim deed, conveyed the farm to the plaintiff, and on January 4th following, Lynds and wife quit-claimed to him all their interest in the farm. On the same day the plaintiff made a written contract with Mrs. Lynds, by which she undertook to pay him $1000 for the farm, in five annual installments of $200 each, and the interest and taxes, McCole on his part agreeing that, upon such payments being made and certain other conditions named in the contract being performed, he would execute and deliver to her a warranty deed of the premises. The contract further provided that, until the $1000 was fully paid, all the hay, grass, and all other crops of whatever name or nature, raised upon the farm, should remain the property of McCole, and that upon the failure of Mrs. Lynds to perform any of the agreements on her part to be performed, McCole might at any time take possession of the premises and retain, as liquidated damages. all sums of money that had been paid on the contract.

During the pendency of the insolvency proceedings and down to about Sept. 1, 1886, Lynds remained in possession of the farm, carried it on and sold the produce in the same manner that he had done prior to his insolvency. This contract was

lodged in the town clerk's office and filed, but was not recorded, and remained in the town clerk's office until March 24th, 1886, when it was taken away by Lynds, and about Sept. 1, 1886, it was surrendered by him to McCole, who afterwards, and prior to Sept. 15th, went into possession of the farm and crops, by virtue of the contract, the conditions of which had been broken.

While McCole was thus in possession of the farm and crops these attachments were made by the defendant. Mrs. Lynds was then residing upon the farm, and the furniture and other personal property remained there until Sept. 18th, when they were removed, and Mrs. Lynds removed to Massachusetts to join her husband, who went there about Sept. 1st.

The assignee's deed conveyed to the plaintiff all of Lynds' right and title to the farm except the homestead, and the deed from Lynds and wife must have divested them of that interest, and made the plaintiff's title complete, except as against the mortgages referred to in the report.

After the execution and delivery of these deeds, Lynds and wife had no interest in the farm other than that acquired by the contract with McCole, by the express terms of which all the hay, grain, grass, and all other crops raised upon the farm remained the property of McCole until all sums specified in the contract were fully paid, and upon the failure of Mrs. Lynds to perform any of the terms of the contract, on her part to be performed, McCole might declare the contract forfeited and vacated and take possession of the premises.

The referee has found that a time came when Lynds and wife decided to give up the contract and proceed no further under it; that, in accordance with its provisions, it was surrendered to the plaintiff, who, at once and before these attachments were made, took possession of the farm and of the harvested and unharvested crops upon it. The right of Mrs. Lynds to the crops was contingent upon performance of the terms of the contract. Payment of the $1000, the taxes, etc., was, by the terms of the contract,

a condition precedent to any right in her to the crops grown upon the premises. This was held in *Batchelder v. Jenness*, 59 Vt. 104, and in cases cited in the opinion of the court in that case.

The fact that Mrs. Lynds remained upon the farm until after the attachments were made, shows no joint possession by her and the plaintiff in view of the facts that the contract had been surrendered and that she was there temporarily awaiting the completion of arrangements for her to join her husband in Massachusetts.

The facts reported show title in the plaintiff.

*The pro forma judgment is reversed and judgment rendered for the plaintiff for nominal damages and costs.*