## SMITH HILLIARD, v. PHILIP DEAN AND LUCIA DEAN.

*Title to lumber cut upon land occupied under bond for deed.*

The defendants, being the owners in fee of certain lands, let W. into possession under an agreement to convey upon the payment of a certain sum. Before payment W. severed lumber from the premises with the knowledge of the defendants and sold it to the plaintiff. The defendants notified the plaintiff that they claimed the lumber before he paid for it. *Held*, that the lumber belonged to the defendants and that they might take possession of it.

Trespass for the taking and carrying away of certain lumber. Heard upon the report of a referee at the June term, 1889, Bennington county, Tyler, J., presiding. Judgment on the report for the plaintiff. The defendant excepts.

The opinion states the case.

*Batchelder & Barber*, for the defendants.

The title to the land was in the defendants and that carried with it the title to the lumber. *Dickerman* v. *Ray*, 55 Vt. 68; *Town of Lemington* v. *Stevens*, 48 Vt. 41; Bish. Con., s. 673 and cases there cited; *Blaisteel* v. *Stevens*, 16 Vt. 186; *Field, Morris & Co.* v. *Stearns*, 42 Vt. 111.

*Martin & Archibald*, for the plaintiff.

Wilkins being in possession under an arrangement by which he was allowed to cut and manufacture lumber, the defendants cannot assert title to this lumber by virtue of their title to the land. *Clafflin* v. *Boston & Lowell Rd. Co.*, 7 Allen, 314.

The opinion of the court was delivered by

START, J.    In this case the plaintiff seeks to recover the value of a quantity of lumber purchased by him of one Fred B. Wilkins, and taken by the defendants from his possession. The

defendants claim title to the lumber by reason of their owning the land from which it was severed. The lumber was severed from land the legal title of which was in the defendants. The defendants had given Wilkins a bond conditioned that they would convey the land to him when he paid twelve hundred and fifty dollars and gave a mortgage back to secure the payment of the further sum of twelve hundred and fifty dollars. Payments were to be made by delivering to the defendants yearly thirty thousand feet of lumber. Wilkins went into possession of the land, and, with the knowledge of the defendants, and without objection, took therefrom lumber with which to make one payment, and sold some of the lumber to other parties. The plaintiff was notified before he paid Wilkins for the lumber that the defendant, Lucia Dean, claimed it, and that he must not draw it away.

Upon these facts, we hold that the defendants were the owners of the lumber in question. They had not parted with their title to the land from which the lumber was taken. They were obligated by their bond to convey to Wilkins when he should pay twelve hundred and fifty dollars. At the time the lumber in question was severed from the land, Wilkins had made but one payment of thirty thousand feet of lumber, valued at about three hundred dollars. The legal title to the land being in the defendants, they owned the trees standing and growing thereon; and the trees having been severed from the land and sawed into lumber, without license from them, they were the owners of the lumber, and could assert their right to it in the manner they did. *Dickerman* v. *Ray*, 55 Vt. 65 ; *Whitcher, Admr.*, v. *Morey*, 39 Vt. 459.

*Judgment reversed and judgment for the defendants.*