## O. V. Joslyn *v.* Taplin & Rowell.

May Term, 1904.

Present: Rowell, C. J., Tyler, Start, Watson, and Haselton, JJ.

Opinion filed May 28, 1904.

*Land Contract—Reservation of Crops—Vendee's Interest— Foreclosure.*

Under a contract for the sale of land, wherein it is provided that the vendor "reserves the ownership and control of all crops" grown upon the premises till the notes given for the purchase money are fully paid, the vendee has neither an equity of redemption nor any other attachable interest in such crops while the notes are unpaid.

Said notes are not paid within the meaning of the contract, so as to give the vendee any interest in such crops, merely because the value of the premises, when the vendor obtained possession thereof, under a decree in a proceeding brought by him to foreclose the vendor's interest therein, exceeded the sum due on the notes and the costs of foreclosure.

Trover. Plea, the general issue. Trial by court at the September Term, 1903, Orleans County, *Stafford, J.,* presiding. Judgment for the plaintiff. The defendant excepted.

The trial court found that the defendant at the time of trial was, and for ten years before had been, a deputy sheriff within and for the County of Orleans; that on April 4, 1903, an execution, issued on a judgment of the Orleans County Court in favor of C. K. Colby, W. S. May, and William Collison and against O. H. Hawkins, was placed in his hands, as such deputy sheriff, for service on said O. H. Hawkins; that, after making demand of said Hawkins, the defendant levied said execution on fifty tons of hay which had been attached on the original writ on the 19th day of August, 1902; that said execution was issued in season to charge said

hay so attached; that after said levy, and before the day fixed for the sale on the execution, the defendants converted said hay to their own use; that on July 5, 1889, James R. Collison and said O. H. Hawkins entered into a written contract whereby Collison agreed to sell, and Hawkins agreed to buy, certain land for $2,684, as evidenced by several promissory notes signed by said Hawkins; that said contract contained the following:

"The said party of the first part reserves the ownership and control of all crops, produce, and products raised or grown hereafter on said premises, until the notes below described are paid, with interest annually, in full"; that said Hawkins occupied the premises described in said contract from the date thereof till after September 9, 1902, and during that time cut and put into the barns on said premises the hay in question, which was grown on said premises; that said Hawkins was in possession of said premises and of said hay when said attachment was made; that Hawkins failing to pay his said notes, James R. Collison obtained a decree from the court of chancery, dated September 9, 1901, foreclosing the equity of redemption of said Hawkins in the premises, and said decree became absolute September 9, 1902, when the value of said premises was more than enough to pay the sum due on said notes and the costs of foreclosure; that on the 8th day of September, 1902, said James R. Collison sold the hay in question to the defendants, who later moved it.

*W. W. Miles* and *W. M. Wright* for the plaintiff.

The relation of Hawkins and J. R. Collison was that of mortgagor and mortgagee. *Whiting* v. *Adams,* 66 Vt. 679; *Davis* v. *Hemenway,* 27 Vt. 589; *Paine* v. *McDowell & Tucker,* 71 Vt. 28.

The defendants have obtained only Collison's interest in the hay. But growing crops do not pass to the mortgagee if severed ,before the decree becomes absolute. *Caldwell* v. *Aslop,* 17 L. R. A. 782; *Richards* v. *Knight,* 4 L. R. A. 453; *Jones* v. *Adams,* 50 L. R. A. 388; *Yeazel* v. *Emspaha,* 24 L. R. A. 449; Cooley Torts, p. 507 & *p. 434; Tiedman, Real Property, 324.

But the premises, under the facts found, paid the notes. *Loveland* v. *Leland,* 3 Vt. 581; *Thomas* v. *Warner,* 15 Vt. 110; *Paris* v. *Hulett,* 26 Vt. 308.

*B. F. D. Carpenter* and *F. W. Baldwin* for the defendants.

Hawkins never paid the notes. Hence, by the terms of the contract, he never owned the hay. *Batchelder* v. *Jenness,* 59 Vt. 104; *Bellows* v. *Wells,* 36 Vt. 599; *Fitch* v. *Buck,* 38 Vt. 683; *Walworth* v. *Jenness,* 58 Vt. 670; *Dickerman* v. *Ray,* 55 Vt. 65; *Smith* v. *Atkins,* 18 Vt. 461; *Baxter* v. *Bush,* . 29 Vt. 465; *Cooney* v. *Hayes,* 40 Vt. 478; *Darling* v. *Robbins,* 60 Vt. 347.

When the decree became absolute, Collison became the sole owner of the real estate and of the crops. *Oakman* v. *Walker,* 69 Vt. 344; *Franklin* v. *Gorham,* 2 Am. Dec. 86; *Whitney* v. *Higgins,* 70 Am. Dec. 748; *Paris* v. *Hulett,* 26 Vt. 308.

WATSON, J. The land contract contained a provision whereby the vendor reserved the ownership and control of all crops, produce, and products thereafter raised or grown on the premises until the notes described therein should be fully paid. Within the meaning of that provision, the notes were never paid. Consequently the vendee never became the owner

of the hay in question nor of any attachable interest therein. Under this reservation the vendor was the sole owner of the hay until he sold it to the defendants after the decree in the foreclosure proceedings respecting the land had become absolute. By their purchase the defendants became the owners thereof and were such at the time of the alleged conversion. The cases of *Batchelder* v. *Jenness*, 59 Vt. 104, 7 Atl. 279, and of *Dickerman* v. *Ray*, 55 Vt. 65, are authorities decisive of this question.

It is argued, however, that under the said reservation the parties to the contract stood in the relation of mortgagor and mortgagee respecting the crops, produce, and products, and that the vendee as such mortgagor had an attachable interest in the hay. In support of this contention the plaintiff relies upon *Whiting* v. *Adams*, 66 Vt. 679, 30 Atl. 32, where a land contract containing a similar reservation was involved. But there the vendor brought his bill to foreclose the vendee's equity of redemption not only in the land but in the property covered by the reservation also, thereby admitting in his pleadings in effect that the parties stood in the relation of mortgagor and mortgagee under the reservation. The vendor having made such a case by his bill was bound by it. *Thomas* v. *Warner*, 15 Vt. 110. Furthermore the parties agreed that such was their relation. "This admits," says the court, "that the defendant has an equity in all the property embraced in the contract sought to be foreclosed," and the case was treated accordingly. Hence the question now under consideration was not then before the court, and that case is not an authority thereon.

Since the vendee in the land contract had no attachable interest in the hay, the plaintiff acquired no lien thereon by his attachment as against the vendor or the defendants, his

subsequent vendees.  *Sanborn* v. *Kittridge,* 20 Vt. 632, 50 Am. Dec. 58.

It is found that the value of the premises which came to the vendor under the decree in the foreclosure proceedings, exceeded the sum due on said notes and the costs of foreclosure.  The plaintiff claims that the notes were thereby fully paid, and that consequently the vendee then became the owner of the hay.  But this could not be so unless he previously had an equity of redemption therein, which we have seen he did not have.

*Judgment reversed, and judgment for defendants to recover their costs.*